# DLF | DUGGER LAW FIRM PLLC

*Cyrus E. Dugger, Esq., Gotham Center, 28-07, Jackson Ave., 5th Fl., Long Island City, NY 11101*
*Tel: (646) 560-3208*

August 7, 2026

**Via ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

> **Re:**      *Kubicki v. The Legal Aid Society*, et al., No. 1:26-cv-03882-VSB-OTW

Dear Judge Wang:

Plaintiff opposes Defendants' request for a blanket stay of all discovery pending resolution of their not-yet-filed motion to dismiss. ECF No. 32. The request should be denied without, prejudice to renewal, after: (1) Plaintiff files her amended complaint and Defendants identify the new motion, if any, they will direct to that operative pleading; (2) Plaintiff responds (if needed) with her opposition brief. A motion to dismiss does not automatically stay discovery, and importantly, the movant bears the burden of showing "good cause" under Rule 26(c), which they have failed to do here. *Bennett v. Cuomo*, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *2-5 (S.D.N.Y. Feb. 15, 2023) (Broderick, J.).

## I.      The Request Is Premature

In addition to the absence of "good cause," the motion is premature. Defendants state that they will file a motion to dismiss under Rules 12(b)(1) and 12(b)(6) on August 10, 2026. ECF No. 32 at 1. Plaintiff confirms that she will file an amended complaint as of right within the period provided by Rule 15(a)(1)(B), and address Defendants' announced standing, mootness, Rule 8, and claim-specific arguments to the extent necessary. A stay now would therefore rest on the predicted strength of an unfiled motion aimed at a pleading that will not actually govern the case. *See Akoma v. N.Y.C. Health & Hosps. Corp.*, No. 1:23-cv-10181 (VSB), ECF No. 34, at 1 (S.D.N.Y. Apr. 12, 2024) (Broderick, J.) (denying without prejudice as premature a request to stay discovery where defendants had not yet filed their anticipated motion to dismiss); *Bennett*, 2023 WL 2021560, at *2-5; *see also The Nielsen Co. (US), LLC v. TVSquared Ltd.*, No. 1:23-cv-1581 (VSB), ECF No. 126, at 3-7 (S.D.N.Y. July 6, 2023) (Broderick, J.) (denying discovery stay and explaining that the stay inquiry should not operate as an advance determination of the viability of a dismissal motion).[1]

---

[1]      Your Honor's decision in *Borjas v. New York City Department of Education* is materially different. There, the dismissal motion had been pending for months, the plaintiff had amended repeatedly, her amendment-as-of-right period had "long since passed," and she elected to oppose rather than amend again. No. 23-CV-10829 (OTW), ECF No. 122 at 1, 3-4 (S.D.N.Y. Nov. 19, 2025) (Wang, J.). Here, the announced motion has not been filed, this is Plaintiff's original complaint, and Plaintiff has elected to amend.

## II. Defendants Have Not Met Their Burden to Show Good Cause

### A. Defendants Have Not Made a Strong Showing Plaintiff's Claims Are Unmeritorious

Importantly, here, Defendants' showing must be "a strong" showing -- not just a possibility of dismissal. *See Bennett*, 2023 WL 2021560, at *2-3 (denying a stay where the claims were not "so meritless as to warrant a stay" and explaining that the inquiry focuses on whether "the complaint is facially without merit"); *see also Golightly v. Uber Techs., Inc.*, No. 21-CV-3005 (LJL), 2021 WL 3539146, at *5 (S.D.N.Y. Aug. 11, 2021). There is certainly no "strong" showing here. Indeed, two recent Second Circuit rulings all but *foreclose* a meaningful challenge to the legal *plausibility* of Plaintiff's pled core accommodation claims. *Compare Cangro v. New York City Dep't of Finance*, No. 24-3004, 2026 WL 2130187, at *10-11 (2d Cir. July 24, 2026) (vacating dismissal of ADA and NYCHRL failure-to-accommodate claims because Rule 12(b)(6) "does not require plaintiff to plead evidence" and plaintiff's allegations of prior successful remote performance, continued partial remote work, and managerial support for the requested alternate-work-location arrangement plausibly showed that plaintiff could perform essential functions of his job with accommodation), *with* Compl. ¶¶ 3, 33-35, 107-08, 212-20, 353-57 (alleging Plaintiff's successful performance under an existing three-day remote-work accommodation, years of successful as-needed court coverage from the LAS office across the street, virtual Friday coverage, a referral-based written coverage model, continued availability to enter court whenever an attorney or client required her presence, and LAS's later proposal of substantially the same office-based arrangement) and *compare Raymond v. 1199SEIU Nat'l Benefit Fund*, No. 25-707-cv, 2026 WL 2117879, at *8-11 (2d Cir. July 23, 2026) (vacating summary judgment because essential functions and accommodation effectiveness presented fact-bound questions, an employer's partial modification was not necessarily reasonable unless it addressed the employee's actual limitations, and reassignment within the employee's existing position could constitute a facially reasonable accommodation in light of the employer's practices), *with* Compl. ¶¶ 82-87, 212-20, 281-82, 353-59, 439-48 (alleging that Plaintiff's request preserved every essential function, PPE and breaks did not address the actual limitation of prolonged unnecessary courthouse exposure, the historical and written coverage practices supported the requested arrangement, LAS denied the request and provided no effective interim accommodation, and LAS later proposed a substantially similar arrangement). And, uniquely here, Plaintiff is currently preparing her own early motion for summary judgment as to liability on at least the NYCHRL failure to accommodate claims. ECF No. 33 at 3, 19; ECF No. 34 at 3, 7.

### B. The Scope of Discovery Does Not Support a Stay

Defendants cannot justify a stay based on the "scope of discovery." They have not made the "strong showing" that their not-yet-filed motion will dismiss *all* claims, and as discussed above, at a minimum, Plaintiff's core accommodation denial claims are highly likely to survive; thus, a stay would merely postpone, rather than eliminate, substantially overlapping discovery. *See Medina v. City of N.Y.*, No. 19-Civ.-9412 (AJN), 2020 WL 3050971, at *2-3 (S.D.N.Y. June 8, 2020) (Wang, J.); *Steadfast Ins. Co. v. Portsmouth JV*, No. 20 Civ. 8615, ECF. No. 23, at 1-2 (S.D.N.Y. Feb. 16, 2021); *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377

(VSB), 2022 WL 1639485, at \*2 (S.D.N.Y. May 24, 2022); *Bennett*, 2023 WL 2021560, at \*3-5. Moreover, Plaintiff's proposed initial core class discovery, ECF Nos. 33 at 5-7, 34 at 2-5, will focus and narrow later class discovery. The anticipated discovery is modest for an employment class action, overlaps with individual discovery, no document requests have yet been served, *see* ECF No. 33 at 5-13; ECF No. 34 at 3-7, and generalized assertions about collection and review costs, unsupported by particulars concerning scope or expense, do not establish an unusual burden. *See Doe v. Kroll Restructuring Admin. LLC*, No. 1:26-cv-02363 (JPC), ECF No. 53 at 1-3 (S.D.N.Y. July 9, 2026); *Trustees of the Local 854 Pension Fund v. Barrett*, No. 1:23-cv-01160 (JHR), ECF No. 40 at 7 (S.D.N.Y. Aug. 10, 2023). Finally, the Complaint identifies numerous employees with putative class claims. Compl. ¶ 27. Denial of class certification would likely produce separate individual suits rather than meaningful efficiencies. *Cf. Easterling v. Conn. Dep't of Corr.*, 278 F.R.D. 41, 47, 50--51 (D. Conn. 2011).

### C.      Plaintiff Will Suffer Prejudice

Plaintiff alleges that Defendants' failure to accommodate may have caused the worsening of her condition from unnecessary courthouse exposure while immunocompromised -- leaving her currently wheelchair-bound -- and at risk of potential hospitalization. Compl. ¶¶ 14, 82-87, 239-41, 380. A nine-to-twelve-month stay over likely curable pleading disputes while Plaintiff is in this condition could therefore make justice delayed justice denied. *Cf. Khalil v. Trs. of Columbia Univ. in the City of N.Y.*, No. 25-cv-2079 (AS), 2026 WL 775813, at \*18 (S.D.N.Y. Mar. 19, 2026) (expediting discovery and summary judgment based on alleged ongoing harm). A stay would also defer class-wide relief for years for only marginal efficiency. *See In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006) (recognizing Rule 23's requirement that the certification determination occur at an early practicable time and that the court assess the evidence relevant to certification). And absent good cause, even a lack of prejudice cannot justify a stay. *Giuffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at \*2 (S.D.N.Y. Jan. 20, 2016).

### III.    Alternatively, the Court Should Permit Targeted Individual and Core Class Discovery

Plaintiff opposes any stay. However, if the Court plans to stay all discovery, Plaintiff alternatively requests the Court order Defendants to produce the documents described in **Exhibit A** containing the core materials for Plaintiff's early summary-judgment motion on her NYCHRL failure-to-accommodate claim, as well as Plaintiff's requested initial core class production, ECF Nos. 33 at 5-7, 34 at 2, 4-5. That production would permit adjudication while other issues remain stayed. *See Khalil*, 2026 WL 775813, at \*18 (entertaining expedited discovery and summary judgment motions for ongoing harm); *Bekker v. Neuberger Berman Grp. LLC*, No. 16 Civ. 6123 (LTS) (BCM), 2018 WL 4636841, at \*11 (S.D.N.Y. Sept. 27, 2018) (permitting targeted summary-judgment discovery); *see also Elisa W. v. City of New York*, No. 15-CV-5273 (KMW) (SLC), ECF No. 593 at 1-3 (S.D.N.Y. Oct. 24, 2024) (denying motion to stay where plaintiffs proposed engaging "in relatively low-burden discovery of initial priority items" in the near term in a systemic class action).

Respectfully submitted,
/s/ Cyrus E. Dugger