# Exhibit A

Outlook

## Fw: PRDU Powerpoints

**From** Marissa Kubicki <MKubicki@legal aid.org>
**Date** Wed 1/21/2026 9:47 AM
**To** Marissa <marissabkubicki@gmail.com>

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Marissa Kubicki
**Sent:** Wednesday, March 1, 2023 4:19 PM
**To:** Rebekah Almanzar <RAlmanzar@legal-aid.org>
**Subject:** RE: PRDU Powerpoints

Great, thanks! I look forward to reviewing these tomorrow!

---

**From:** Rebekah Almanzar <RAlmanzar@legal-aid.org>
**Sent:** Wednesday, March 1, 2023 4:15 PM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>
**Subject:** PRDU Powerpoints

Hey!

Here's the powerpoint we started today and two additional ones. The Teaming with Social Workers is what I use to train new attorneys and the Parole Re-entry is one that gives an overview from prison release to possible violation pre-LIM

Rebekah Almanzar, LMSW
Social Work Supervisor
Post-Conviction Unit
The Legal Aid Society
199 Water Street

New York, NY 10038
p: 646-689-1131 efax: 646-449-6875
Pronouns: *she, her, hers*

THE LEGAL AID SOCIETY
CRIMINAL DEFENSE

# Teaming with Social Workers in PRDU: Roles and Logistics Post-LessIsMore

Rebekah Almanzar, LMSW

Social Work Supervisor

# Who are we?

- Rebekah Almanzar, Supervisor
- Keith Seidman
- Allison Galgano
- Jeanine Bonanno
- Erin Sage

# When do PRDU attorneys request social workers to be involved in their cases?

- Client identifies a current or past diagnosis of mental illness
- VOP has information identifying mental health needs of client
- ALJ has agreed to program as an alternative for a client
- Client is not understanding the process or charges
- Client and attorney are struggling to communicate and work together
- Client is suicidal or has a recent suicide attempt
- Client has unmet mental health or medical needs while in custody
- ALJ has not agreed to program but circumstances of the case indicate the social work mitigation specific to a client's biopsychosocial history and recent functioning in the community might convince the ALJ to agree
- Client is visibly experiencing mental health symptoms or has identified them to the attorney; client reports that they did not take their prescribed medication and are experiencing symptoms
- *We are evolving! As LIM is implemented, we are adjusting our practice to fit the needs of the clients and their parole cases.

# Recognizance Hearings

- Need to connect client to services in support of release
  - Focus on substance use, mental health, medical
- Can be done remotely (Bronx, Queens, SI) or in-person (Brooklyn, Manhattan)
- Referrals can be made same day to the SW covering court that day:
  - Most likely to a location that has walk-in hours; if Judge or client is requesting an intake appointment, please request that specifically
  - A brief memo can be written up by the SW with the details of the treatment services and provided to the attorney
  - Can provide oral testimony if in BK or MN
- **Referral needs to be made in Law Manager once the case has been entered to account for the work the social worker has done at the RH**
  - **If social work is needed at the prelim or the final hearing, the assigned attorney can make a new referral at that time since the needs of the case and client could change**
- **In development**: we are creating a resource guide for each borough that attorneys can utilize secure resources to provide the client and the Court in support of release

# Preliminary Hearings

- **Referral needs to either be made in Law Manager before the hearing OR if you request the covering SW meet with the client in court on the day of the prelim, you can submit the referral in LM at the end of day**
- IN clients
  - Can assess to start treatment planning and mitigation prior to arraignment
  - Prioritize requesting CHS records with signed HIPAA
  - SW can advocate to address any unmet health needs while in custody while working towards needs of the parole case
  - We prioritize assigning IN clients at prelims to get them out as quickly as possible
- OUT clients
  - Will assess for client needs
  - Not all OUT clients will be assigned at the prelim
  - If it makes sense to assign an OUT client at the prelim, then the SW can start information gathering, collateral contacts in preparation for arraignment
  - Will only provide referrals at client request since we do not know where the Court stands yet
  - If there is difficulty in connecting with client, SW will attempt to re-engage for needs but will not move forward with work for the case until client can connect again

# Arraignment/Final Hearings

- **Referral needs to either be made in Law Manager before the hearing OR if you request the covering SW meet with the client in court on the day of the final hearing, you can submit the referral in LM at the end of day**
- Will complete assessment ideally after the arraignment is completed
- Treatment planning
- Mitigation
- Community Support
- Oral Testimony

# Release on a writ

- May or may not need PRDU specific SW involvement
- If Brad-H or followed by GCCS, discharge planning exists from CHS
- **In development**: we are creating a resource guide for each borough that attorneys can utilize secure resources to provide the client and the Court in support of release
- We may recommend that we connect with the client after release
- When in doubt, submit a referral in LM to discuss with SW supervisor about assignment

# Involving a Social Work in a PRDU Case

REQUEST AN ASSESSMENT

DISCUSS THE ASSESSMENT AFTER COMPLETION

MAKE THE REFERRAL IN LAW MANAGER

THE WORK

COMMUNICATE WITH THE SOCIAL WORKER

TALK WITH THE SOCIAL WORKER CLOSE TO THE HEARING DATE

FOLLOW-UP WITH THE SOCIAL WORKER ABOUT THE OUTCOME OF THE HEARING

# Assessment

- You do not need to be present for the assessment. However, it is NECESSARY to have a conversation between the social worker and attorney about the case and specific ask for the assessment.
  - Phone, Video Conference, In-person at court or the office
  - Treatment Planning, Mitigation, Supportive Counseling
- Usually full assessments happen at/after arraignments after the client has seen the ALJ for the first time to give a direction to where the case might be headed (program versus mitigation)
  - RH: could do a brief in-person or phone assessment; assessment may also not be needed
  - Prelim: in-person assessment; purpose can vary depending on client needs
- Mental Status/Mental Health History/Medication Issues, Suicide Risk Assessments and Supportive Counseling can occur before and/or after the hearing
  - If a client expresses suicidal thoughts, you should activate the Suicide Protocol, speak with the covering SW about assessment needs and can consult with the social work supervisor about whether a SW referral would be needed
- We will ask you some questions about the client, current needs, and case direction
  - These questions are meant to help us understand what information to focus on, not to question the need for an assessment and referral

# Discuss the assessment after completion

- If possible, discuss the assessment with the social worker soon after to share information and discuss strategy
- Many times the request for treatment type from the court does not match with the client request and/or the clinical need assessed by the social worker; this must be discussed to best present the information to the court
- Social workers in PRDU are very involved in the strategy of cases they are working on; while the attorney always makes the final call, you will find that our assessments and interpretation of the information will greatly inform your representation of our clients, from engagement to advocacy in the courtroom

# Make the referral in Law Manager

- If a social worker has done work on a case, a referral needs to be submitted.
- Refer to *Handout: How to Submit a Social Work Request* for the steps to do this
- Include a description of the client's issues in the narrative PRS/ALJ positions, type of program requested (if known), type of SW assistance needed; **if the case can be resolved off-calendar and before the next court date, you must indicate that in the referral**
- Documents needed for the referral; can be uploaded onto LM or scanned to SW Supervisor
  - Signed two-sided HIPAA
  - CHS records (medical or mental health) *Handout: Facilitating Program Placements for PRDU Clients*
    - *You can request these yourself or ask your assigned paralegal casehandler to request them*
- **A case will not be assigned to a social worker until the referral is made in LM and the documents are received by the supervisor; social workers do not start working on the needs of the case until they are assigned to it in Law Manager**
  - Referrals are accepted by email if the case has not been entered yet into LM but a referral must be made as soon as it is entered
- Law Manager will send you an email when the case has been assigned and the name of the social worker

# The Work

- Treatment Planning (2-3 weeks)
  - Full assessment
  - Records digestion
  - Referrals (outpatient, residential, inpatient)
  - Program Screenings
  - Letters of Reasonable Assurance or Court Memos

# The Work

- Mitigation (3-4 weeks)
  - Full assessment (several different sessions)
  - Records digestion
  - Program recommendation
  - Written memo (3-5 pages)

# The Work

- Community Support
  - Connected to the needs of the parole case
  - Connection to care
  - Client-driven
  - Advocacy to parole officer, city agencies
  - In-office meetings

# Communicate with the social worker

Our interdisciplinary teamwork is PRDU is very strong; that is dependent on the fact that we communicate often and in various ways.

This is so much more important given elements of our remote practice that can make communication difficult.

If you receive information about the client or the case that will significantly change the outcome or strategy previously discussed with the social worker, communicate that information immediately; the social worker will also inform you of any changes to the plan that they encounter as well

If you will not be present for the hearing for an assigned social work case, it could be helpful for the social worker to know which attorney is covering the case; if you need the social worker present at any court appearances, please state so explicitly

Do not promise or guarantee a timeline or outcome for program placement to a client; we will also not guarantee any legal outcome or information for the client

# Talk with the social worker close to the hearing date

- Getting the materials (letters, memos, records) from the social worker before the day of the hearing is ideal so you can deliver them to the ALJ and PRS as early as possible. Most of the time, the social worker will convey the information to the client about the program and it should be discussed about how any materials will be getting to the client.
- However, there are some instances when social workers are using every last minute to make a plan come together and might need some extra time in the morning to finalize everything. If this happens, the social worker will tell you and send the materials to you as soon as they are prepared. If this is going to present a problem with the court, please be in communication with the social worker about how best to strategize around this.
- For clients that have difficult experiences at Court, it is helpful to talk about a strategy of how to support them through the hearing and afterwards.

# Follow-up with the social worker about the outcome of the hearing

- If possible, let the social worker know the outcome of the hearing the same day. Many times we have follow-ups to do after a case is completed to monitor and troubleshoot their release to a program.
  - Releases from Rikers Island are never smooth and always come with disruptions that we need to monitor
- If something new or unexpected occurred during the hearing (behavior of client, new information, change of decision for the outcome of the case), please notify the assigned social worker so appropriate steps can be taken within the adjournment time or more immediately.