# Exhibit E

Outlook

## Re: Potential Grievance?

**From** Kim Wirt <kwirt@legal-aid.org>
**Date** Fri 8/22/2025 12:44 PM
**To** Marissa Kubicki <MKubicki@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>
**Cc** Kate Sutherland <lsutherland@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Hayley Feldman <hfeldman@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Dreana Bellamy <dreana.bellamy@1199.org>; Antoinette Washington <antoinette.washington@1199.org>

The practice is to follow what management says and grieve later so you don't get in trouble for insubordination. I did send an email to Jackie, though, so let's see if she responds.

Kim Wirt, LCSW (they/them)
Forensic Social Worker
929-946-0571

---

**From:** Marissa Kubicki <MKubicki@legal-aid.org>
**Sent:** Friday, August 22, 2025 12:41 PM
**To:** Luca Verano Diaz <lveranodiaz@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>
**Cc:** Kate Sutherland <lsutherland@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Hayley Feldman <hfeldman@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Dreana Bellamy <dreana.bellamy@1199.org>; Antoinette Washington <antoinette.washington@1199.org>
**Subject:** Re: Potential Grievance?

Of course and I appreciate everyone's support!

Just for clarity, should we still move forward with the new mandate of going into Court for an hour next week or should we wait for further instruction on if we don't have to go?

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Luca Verano Diaz <lveranodiaz@legal-aid.org>
**Sent:** Friday, August 22, 2025 12:19 PM
**To:** Kim Wirt <kwirt@legal-aid.org>; Marissa Kubicki <MKubicki@legal-aid.org>
**Cc:** Kate Sutherland <lsutherland@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Hayley Feldman

<hfeldman@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Dreana Bellamy <dreana.bellamy@1199.org>; Antoinette Washington <antoinette.washington@1199.org>
**Subject:** Re: Potential Grievance?

Hi all,

Thank you Marissa for pointing out more context and your own experience here at LAS.
I am still learning things and I am not too familiar with past practices and what the culture is like in CDP as a whole and I find your point of view very valuable since you have experience and point of view that is from CDP BX and PRDU.

I agree with everything Marissa said, thank you Kim for sending out the email to Jackie!

With Care,
Luca Verano Diaz, LMSW
Pronouns: They/Them || Pronombres: Elle
Bilingual Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161 Street
Bronx, NY 10451
Phone: (646) 660-0935
Email: lveranodiaz@legal-aid.org
#NoJusticeNoPeace

---

**From:** Kim Wirt <kwirt@legal-aid.org>
**Sent:** Friday, August 22, 2025 11:47 AM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>
**Cc:** Kate Sutherland <lsutherland@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Hayley Feldman <hfeldman@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Dreana Bellamy <dreana.bellamy@1199.org>; Antoinette Washington <antoinette.washington@1199.org>
**Subject:** Re: Potential Grievance?

Hey all,

I'm moving the rest of the delegates to BCC and just looping in the social worker delegates and 1199 folks.

I have written an email to Jackie and look forward to her response.

Best,
Kim

Kim Wirt, LCSW (they/them)
Forensic Social Worker
929-946-0571

---

**From:** Marissa Kubicki <MKubicki@legal-aid.org>
**Sent:** Friday, August 22, 2025 11:26 AM
**To:** Luca Verano Diaz <lveranodiaz@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; 1199 LAS Delegates <1199lasdelegates@legal-aid.org>
**Subject:** Re: Potential Grievance?

Hello Everyone

Thanks Luca for sending this email and starting this conversation and Kim thanks for providing additional information.

I just finished my supervision with our Assistant Supervisor and she brought up the same new mandate to me (going to Court for at least an hour on our court coverage days to build relationships with the attorneys).

I have various concerns with this. First of all-I feel like this sets a new precedent for CDP FSWs as a whole. Court coverage is the same as ER for FSWs (for context). We even send the same guidelines that we used at Bronx CDP for when a FSW is covering for the day any emergencies etc. In the guidelines, we specify to reach out to a FSW (call, email, etc.) if an atty needs support or needs to talk out a case. Since PRDU is under CDP I'm concerned this is going to be mandated for all FSWs in all the trial offices moving forward.

As Luca shared this is NOT in our job description, to be at Court for at minimum an hour during our Court coverage days. If attys (new or established) do not know how to utilize us, then it is the Supervisors role to teach them. I feel that Luca and I are busy with referrals and the attorneys absolutely know who we are.

Furthermore, last month's group supervision this came up. Our Assistant Supervisor brought up us being in Court BUT distinctly mentioned how she will go to Court for engagement, referrals, etc. noting that she had it easier in Court as a cis white woman, and recognized that both Luca and I are POC and we get treated poorly by the ALJs (similar to Judges in pre trial Court) and PRS (similar to DAs in pre trial). We both have documented incidents of issues in Parole Court and now this month it's different. We also discussed that referrals were possibly down because of two ALJs that were on the bench that are not amenable to FSW involvement and that it is the Director and Deputy Directors responsibility to pushback on this, which our Assistant Supervisor agreed. One of the ALJs has since left and for me personally I have seen an increase in FSW engagement.

Lastly, we don't know at this moment if the FSWs at Water St. are getting this same mandate. One of the FSWs in Water St. is new so she may be in Court more due to learning, etc. but as Luca mentioned this does feel targeted and retaliatory considering that we are very vocal and are involved in organizing.

Thanks everyone for the guidance and hopefully we can figure something out!

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Luca Verano Diaz <lveranodiaz@legal-aid.org>
**Sent:** Friday, August 22, 2025 10:40 AM

**To:** Kim Wirt <kwirt@legal-aid.org>; 1199 LAS Delegates <1199lasdelegates@legal-aid.org>
**Cc:** Marissa Kubicki <MKubicki@legal-aid.org>
**Subject:** Re: Potential Grievance?

Ugh. I cannot. >=O
Thank you for doing that. This is quite ridiculous. So, clearly they added it without communicating with the union as they are supposed to?

With Care,
Luca Verano Diaz, LMSW
Pronouns: They/Them II Pronombres: Elle
Bilingual Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161 Street
Bronx, NY 10451
Phone: (646) 660-0935
Email: lveranodiaz@legal-aid.org
#NoJusticeNoPeace

---

**From:** Kim Wirt <kwirt@legal-aid.org>
**Sent:** Friday, August 22, 2025 10:38 AM
**To:** Luca Verano Diaz <lveranodiaz@legal-aid.org>; 1199 LAS Delegates <1199lasdelegates@legal-aid.org>
**Cc:** Marissa Kubicki <MKubicki@legal-aid.org>
**Subject:** Re: Potential Grievance?

Actually just found it. One is an internal job posting from January 2025, the other is the newest job posting from August 2025. They changed the description and added Rikers.

One thing that is annoying to me is it says "provide support for incarcerated clients," which, yes we do do that, but more on an advocacy level. We are not therapists or case managers, though.

Kim Wirt, LCSW (they/them)
Forensic Social Worker
929-946-0571

---

**From:** Luca Verano Diaz <lveranodiaz@legal-aid.org>
**Sent:** Friday, August 22, 2025 10:32 AM
**To:** Kim Wirt <kwirt@legal-aid.org>; 1199 LAS Delegates <1199lasdelegates@legal-aid.org>
**Cc:** Marissa Kubicki <MKubicki@legal-aid.org>
**Subject:** Re: Potential Grievance?

Hi Kim,

Thank you for this. My brain immediately goes to "lets grieve" LOL.
But yes, I think that this definitely is coming from Yonzel.

Our assistant supervisor told us that she wants us to "build relationships" with the attorneys in our unit (which me and Marissa do have). She said since theres a new attorney class and our case numbers are low she wants us to go in. Parole has their own court part separate from PAP.

Yes, I agree about the Rikers part, we don't go into Rikers and we havent since 2021 so I dont think it should be in our job description.

Yes, we can add to the agenda for Tuesday, I will be attending our meeting!

With Care,
Luca Verano Diaz, LMSW
Pronouns: They/Them II Pronombres: Elle
Bilingual Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161 Street
Bronx, NY 10451
Phone: (646) 660-0935
Email: lveranodiaz@legal-aid.org
#NoJusticeNoPeace

---

**From:** Kim Wirt <kwirt@legal-aid.org>
**Sent:** Friday, August 22, 2025 10:25 AM
**To:** Luca Verano Diaz <lveranodiaz@legal-aid.org>; 1199 LAS Delegates <1199lasdelegates@legal-aid.org>
**Cc:** Marissa Kubicki <MKubicki@legal-aid.org>
**Subject:** Re: Potential Grievance?

Hey Luca,

I do think there's some concern within CDP (maybe coming from Yonzel) to push more in person Rikers visits. In the Brooklyn office, we're being told that we are required to go to Rikers, which isn't really necessary since technology has advanced, and we can do VTCs.

What does it mean to be in court to "build relationships"? I know that the PAP social workers have to be in court for arraignments, but is there a specific court part for parole?

I think first let's try to resolve without grieving by pushing back and saying that the court thing is not in your job description. As for Rikers, I'm trying to make a case that says if they want to change the job description they have to go through the union or pay hazard pay. For PRDU specifically - a former delegate sent me a grievance decision from 2010 (when PRDU was in Rikers) saying that PRDU social workers would be eligible for hazard pay. Not sure how applicable it is in this situation.

I'm going to add this to the agenda for the delegate meeting Tuesday so we can discuss over TEAMS. Can you make that meeting, Luca?

Thanks,
Kim

Kim Wirt, LCSW (they/them)
Forensic Social Worker
929-946-0571

---

**From:** Luca Verano Diaz <lveranodiaz@legal-aid.org>
**Sent:** Friday, August 22, 2025 10:15 AM
**To:** 1199 LAS Delegates <1199lasdelegates@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>

**Cc:** Marissa Kubicki <MKubicki@legal-aid.org>
**Subject:** Potential Grievance?

Hi Delegates,

I am reaching out to ya'll about something that Marissa and I are experiencing with our Assistant Supervisor, Jackie and about something that @Kim brought to my attention yesterday. Marissa and I would like some feedback, guidance and support on this matter.

Yesterday, Kim brought up hazard pay because in our job description it says that we conduct Rikers visits, which is not something we do. PRDU used to be in Rikers but now, after the policy of "Less is More" PRDU has been moved out of Rikers and we are now in court offices. We conduct VTC and in person assessments but we do NOT go to Rikers unless we want to.

Earlier this week, our assistant supervisor told us in group supervision that she wants us to start submitting our mitigation to her before supervision for her to provide feedback in supervision. This is not something we had to do before. My understanding is that, this is something that can happen if there is communication from attorneys about our writing and etc. which is not that case at all for Marissa and I.

Lastly, yesterday in my individual supervision, our assistant supervisor told me that me and Marissa will have to start going in person to court for at least an hour for our court coverage to "build relationships" with attorneys and be in court to ask attorneys if they need social work support. Which, to my understanding from Marissa, this is not something that social workers do in CDP, period. Our assistant supervisor sends out weekly emails to all attorneys indicating who is on court coverage for that week. The attorneys know who we are and they DO reach out to us when they need us.

So, that said, Marissa and I want to know what we are able to push back on and if this grounds for a potential grievance. Marissa and I have been very active in many ways and so we feel like this is some form of retaliation and/or making up random crap to push us out.

For reference, this is our job description: Career Site (which by the way does not even mention court).

With Care,
Luca Verano Diaz, LMSW
Pronouns: They/Them || Pronombres: Elle
Bilingual Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161 Street
Bronx, NY 10451
Phone: (646) 660-0935
Email: lveranodiaz@legal-aid.org
#NoJusticeNoPeace