# Exhibit I

Outlook [redacted]

**Re: Follow-up on request for an accommodation**

**From** Marissa Kubicki <MKubicki@legal-aid.org>
**Date** Mon 12/22/2025 9:35 AM
**To** Laura Walsh <lwalsh@legal-aid.org>; Employee Relations [redacted]
**Cc** Kim Wirt <kwirt@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>

2 attachments (403 KB)
Social Work Coverage Duties Email.pdf; Updated ADA Accommodation Letter.pdf;

Good Morning Everyone

I wanted to follow up on this email as it is my Court coverage date, as well as, I am scheduled for Court coverage on 12/29 and 12/30.

Laura-in your email to me on Friday you suggested I speak to my healthcare professional in reference to today. As I stated, that truly is not feasible at 5:32pm on a Friday, especially with a specialist. Given that I already have doctor's orders, please see attached, I am going to follow my doctor's order to safeguard myself and avoid hospitalization. The Legal Aid Society is <u>not</u> my medical professional and does not have the discretion to force me to ignore my doctor's orders, which are documented and have been provided to HR a month ago.

Furthermore, it can be seen from my accommodation it mirrors the job responsibilities that are being sent every Friday to the entire PRDU unit, as to what Court coverage duties are for a FSW. This was forwarded to you on Friday during our meeting with Kim for you to reference. I have not been instructed by Rebekah Almanzar or Jackie Quigley as to what "being in Court during my Court coverage days", looks like, nor has the attorneys. Therefore, I am going to continue to follow what Jackie is instructing in a weekly email not only for me, but also for the entire unit as well.

Lastly, there are various case law precedent in regards to giving an interim accommodation to a disabled employee, such as Ungerleider v. Fleet Mortgage Group of Fleet Bank, 329 F. Supp. 2d 343, 354 (D. Conn. 2004) and Worthington v. City of New Haven, 994 F. Supp. 111, 114 (D. Conn. 1997). This is my right while deliberations about my accommodation are occurring, especially now with a Step 3 Grievance being filed due to a change in my job description. I once again want to point out that my doctor stated I can face *hospitalization* if I am forced to be in Court unnecessarily (outside of my job description, please reference the email attached).

As I have stated in all the email communications and meetings thus far, **I am ready, willing and able** to cross the street and go to the Bronx Court House when a client need arises. I *CAN* meet the essential functions of my job as a disabled employee.

Since Kim is out on vacation until January 5th, I cc'd Haley Feldman and Luca Verano Diaz, 1199 Delegates, to bear witness to the conversation.

Thank you.

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Marissa Kubicki <MKubicki@legal-aid.org>
**Sent:** Friday, December 19, 2025 5:38 PM
**To:** Laura Walsh <lwalsh@legal-aid.org>; Employee Relations <EmplRelations@legal-aid.org>
**Cc:** Kim Wirt <kwirt@legal-aid.org>
**Subject:** Re: Follow-up on request for an accommodation

Hello Laura

Thank you for response.

What alternative accommodations are being proposed for Monday? Also given it is 5:36pm on a Friday I would not be able to speak to my doctor before Monday. She is no longer in her office and my doctor does not work weekends.

Therefore I do not have a lot of time to figure out a plan and safeguard me since my supervisors are saying I have to be in court on Monday.

---

**From:** Laura Walsh <lwalsh@legal-aid.org>
**Sent:** Friday, December 19, 2025 5:30:00 PM
**To:** Employee Relations <EmplRelations@legal-aid.org>; Marissa Kubicki <MKubicki@legal-aid.org>
**Cc:** Kim Wirt <kwirt@legal-aid.org>
**Subject:** Re: Follow-up on request for an accommodation

Hi Marissa and Kim,

The end of the day is approaching; therefore, I wanted to provide you with a response. For Monday's court coverage day, as outlined by your practice, all PRDU FSW's are to be in court on their designated court coverage days. Given this, I think it would be worth reconvening next week to consider alternative accommodations to allow you to complete this job function. Given this information, I would understand you may want to connect with your health care provider first, but I do remain available to continue the conversation about alternative accommodations.

**Laura Walsh, LMSW** (she/her)

Sr. Employee Relations Specialist
lwalsh@legal-aid.org
For general inquiries: HumanResources@legal-aid.org
Cell: 347-346-1432

---

**From:** Laura Walsh on behalf of Employee Relations <EmplRelations@legal-aid.org>
**Sent:** Tuesday, December 16, 2025 4:40 PM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>
**Subject:** Re: Follow-up on request for an accommodation

Hi Marissa,
Thanks for this update. I will review our calendars for Thursday/Friday so we can discuss this essential job function as it relates to your functional limitations and request for an accommodation.

Based on this information you have shared, it sounds like the expectation for your role is to be onsite in court-on-court coverage days.

**Laura Walsh, LMSW** (she/her)
Sr. Employee Relations Specialist
lwalsh@legal-aid.org
For general inquiries: HumanResources@legal-aid.org
Cell: 347-346-1432

---

**From:** Marissa Kubicki <MKubicki@legal-aid.org>
**Sent:** Tuesday, December 16, 2025 4:31 PM
**To:** Laura Walsh <lwalsh@legal-aid.org>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>
**Subject:** Re: Follow-up on request for an accommodation

Hello Laura

I again want to reiterate that after a discussion today with the supervisory group and union leadership, they are maintaining this new job function of me being in Court during my Court coverage days.

Please see Yonzel's response below sent a few minutes ago in reference to our meeting today:

***Yonzel Burt***

Rebekah Almanzar;

Antoinette Washington <Antoinette.Washington@1199.org>;

Kim Wirt;

Taleisha Reid <Taleisha.Reid@1199.org>;

+1 other

Luca Verano Diaz;

Marissa Kubicki;

Hayley Feldman;

Lorraine McEvilley

*Thanks, everyone, for your time and for engaging in a thoughtful, candid discussion about court coverage expectations for PRDU social work staff.*
*We appreciate the perspectives of our social workers and union representatives and acknowledge the concerns shared regarding clarity, consistency, accessibility, and implementation.*

*As a management team, we want to reaffirm our commitment to delivering high-quality and client-centered services. In doing so, management retains discretion to implement, refine, or enhance social work practices in response to evolving client needs and court practices.*
*We intend to strengthen interdisciplinary collaboration, improve early client engagement, and achieve outcomes consistent with our mission and professional standards, which do not violate the referenced CBA.*

*Our shared goal remains clear: to ensure that our social work practice is responsive, effective, and aligns with client needs while supporting staff in carrying out their roles in a professional, sustainable, and equitable manner. Our expectation remains that all PRDU FSW's are to be in court on their designated court coverage days.*

*We would appreciate continued collaboration as we move forward. Lastly, we recommend that Marissa speak with HR's Laura Walsh to clarify her accommodation.*

*Thanks again.*

That being said, I still need to move forward with my addendum of my reasonable ADA accommodation. I am continuously not following my doctor's order since this was submitted due to this new job responsibility.

Also, if HR and management need to reconvene to discuss, can I please be granted an interim accommodation so I can follow my doctor's medical advice.

Thank you.

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451

C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Marissa Kubicki <MKubicki@legal-aid.org>
**Sent:** Monday, December 15, 2025 5:04 PM
**To:** Laura Walsh <lwalsh@legal-aid.org>; Jackie Quigley <jquigley@legal-aid.org>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>
**Subject:** Re: Follow-up on request for an accommodation

Hello Everyone

I am genuinely confused. There has been ongoing conversations since August about myself and my fellow co worker in the Bronx being mandated to go to Court, even if we don't have a client need/court coverage need (i.e. psychiatric concerns, detox concerns, etc.)

Kim, who is cc'd here on the thread has been our delegate present for these concerns. We even have a meeting with our union leadership tomorrow about this. It was also stated in the last PRDU staff meeting that in January we will be paired with the intake attorneys and go to Court (aside from our client caseload/client emergencies).

However, if it is now being said that this mandate is no longer in effect and I am only needed to go to Court when there is a client need as stated in my accommodation (a client hearing, a client interview, psychiatric crisis, etc.) then I will not be going to Court unless I have a client need.

Thank you.

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Laura Walsh <lwalsh@legal-aid.org>
**Sent:** Monday, December 15, 2025 4:40 PM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>; Jackie Quigley <jquigley@legal-aid.org>

**Cc:** Employee Relations <EmplRelations@legal-aid.org>
**Subject:** Follow-up on request for an accommodation

Hi Marissa,
I wanted to provide you with an update before your court coverage shifts this week. During my discussions with your supervisory group they clarified that there isn't an hour requirement to be onsite/at court per coverage/shift but the expectation is and always has been for the social workers- during court coverage- to be onsite and present in court for however long the client/case needs and other job tasks require the social workers. Given this, the accommodation requests "to be exempt from 1 hour of onsite court coverage" wouldn't be applicable given the expectation for court coverage. Court coverage as outlined above is an essential function of this position, and I am recommended that you connect with your supervisors to clarify the expectations for court coverage and this role. If after meeting with them, you would like to schedule time with me to touch base (in regard to the accommodation request or to review any additional accommodation needs) and discuss in greater detail, I remain available.

**Laura Walsh, LMSW** (she/her)
Sr. Employee Relations Specialist
The Legal Aid Society
199 Water Street
New York, NY 10038
lwalsh@legal-aid.org
Cell: 347-346-1432

**THE LEGAL AID SOCIETY**