# Exhibit K

Outlook

## Re: Next steps in the interactive process

**From** Marissa Kubicki <MKubicki@legal-aid.org>
**Date** Fri 1/2/2026 9:09 AM
**To** Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc** Employee Relations <EmplRelations@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>

Good Morning Laura

Thank you for reaching out.

I would like to discuss this instruction further with Kim, the primary delegate on the Step 3 Greivance that was filed when they return from vacation.

Once we are able to meet upon their return I will share their guidance as this relates to the grievance that was filed.

Thank you.

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Laura Walsh <lwalsh@legal-aid.org>
**Sent:** Tuesday, December 30, 2025 4:16 PM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>
**Subject:** Next steps in the interactive process

Hi Marissa,
I have started a new thread since I have included our partners at Matrix. Feel free to add your delegates to the chain if you would like to.

In an effort to move forward in the interactive process, we believe the best next step would be to engage with your health care provider. Matrix would do this in partnership with you. I will let them speak to their processes and feel free to schedule time to speak with them. Christine is out of the office until 1/2/26 so I have cc'd her back-up Maia to this correspondence.

What LAS wants to ask your health care provider is:

**The current job function, twice a week the employee is scheduled for court coverage and during this coverage they are expected to be onsite/in the court house- by doing this we intend to strengthen interdisciplinary collaboration, improve early client engagement, and achieve outcomes consistent with our mission and professional standards. The expectation remains that all PRDU FSW's are to be in court on their designated court coverage days.**

**Based on this expectation and their request for a reasonable accommodation, we are working with the employee to consider alternative accommodations, and we recommend they speak to you about this as well. The employee did not want to go against your medical recommendations, therefore we wanted to reach out to understand if there are any other alternative accommodations that LAS can consider that would allow this employee to be onsite in the court house, as it stands 2x per week and up to 7 hours per day. The employee currently has an accommodation to from home 3x per week. When sitting in their LAS office they have ergo chair and air purifier. When considering alternatives, LAS had made suggestions based on the functional limitations noted in the medical. As possible alternatives, PPE and regular breaks throughout the workday were suggested as possibilities. Any additional information you can provide that would allow us to consider alternatives or if you have any alternative accommodations that can be considered given the current expectation for onsite court coverage would be greatly appreciated.**

If you have any questions about this next step in the interactive process, I would be happy to schedule a call to answer those questions when I return the week of 1/12/26. Also, please don't hesitate to reach out to Matrix as they have a lot of experience working through the interactive process.

**Laura Walsh, LMSW** (she/her)
Sr. Employee Relations Specialist
The Legal Aid Society
199 Water Street
New York, NY 10038
lwalsh@legal-aid.org
Cell: 347-346-1432
Upcoming PTO: out of office 1/1/26 to 1/9/26

THE
LEGAL AID
SOCIETY

Outlook

## Re: Next steps in the interactive process

**From** Taleisha Reid <Taleisha.Reid@1199.org>
**Date** Thu 1/15/2026 1:28 PM
**To** Connie Park <cpark@legal-aid.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc** Employee Relations <EmplRelations@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>; Antoinette Washington <Antoinette.Washington@1199.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>; Alice Voller <avoller@legal-aid.org>; Kate Sutherland <lsutherland@legal-aid.org>

Good afternoon, Connie

I am reaching out regarding the communication via emails regarding Marissa's request for accommodations. I am very concerned that our member felt the need to express her medical condition in writing via email. This has escalated unnecessarily. There is medical documentation from her medical provider that explains the need for Marissa's accommodation. I am not understanding why this has not been approved. This is frustrating that Marissa along with her delegate is getting such push back from management. What other medical documentation is needed? The medical documentation that was given by her provider should have been suffice.

As per the ADA, employees does not have to disclose specific diagnosis for an accommodation under the law. The request requires from the provider a note that would detail the limitations on f the employees function as well as the need for accommodation.

Please adhere to the request from Marissa's provider by the end of day today so we do not have to escalate this matter further.

Thank you,

---

**From:** Connie Park <cpark@legal-aid.org>
**Sent:** Tuesday, January 13, 2026 1:18 PM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>; Taleisha Reid <Taleisha.Reid@1199.org>; Antoinette Washington <Antoinette.Washington@1199.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>; Alice Voller <avoller@legal-aid.org>; Kate Sutherland <lsutherland@legal-aid.org>
**Subject:** Re: Next steps in the interactive process

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Marissa. Appreciate your thoughtful response. I'll reply soon.

Connie

*****
Connie Park (she/her/hers)
Chief Human Resources Officer
cpark@legal-aid.org

For general inquiries: HumanResources@legal-aid.org

---

**From:** Marissa Kubicki <MKubicki@legal-aid.org>
**Sent:** Monday, January 12, 2026 4:52 PM
**To:** Connie Park <cpark@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Antoinette Washington <antoinette.washington@1199.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Kate Sutherland <lsutherland@legal-aid.org>
**Subject:** Re: Next steps in the interactive process

Hello Connie et al

A lot of people have been speaking on my behalf (thank you Kim) in order to advocate for me or about me without me being present and I would like to make things clear. I also would like to take this opportunity to ask exactly what more information is needed as my accommodation letter is pretty straightforward.

It states I am on immunosuppressants, therefore, I am an immunosuppressed individual and my provider's note clearly states to limit Court interactions to mitigate infections. If I am not afforded this, I am at risk for serious illness and/or hospitalizations. This is all stated in my attached accommodation letter.

Furthermore, my accommodation letter is stating and limiting my function to exactly what I do as outlined by Jackie Quigley, my Assistant Supervisor, every Friday, which gets sent out to the PRDU ALL listserv. Please see attached for the most recent one. You can see the function mirrors what it states in my accommodation letter. Laura asked me on 12/26 why did I request an accommodation then and it is because I was verbally told that I have to be present now in Court every day with no instruction as to what this looks like. This has been ongoing conversation with the union about the inappropriateness of this. I was forced to get an accommodation to not only cover me but also forced to share my personal medical information in order to safeguard myself.

I was also instructed on 12/30 to have my doctor sign this attached Matrix form. Which is a copy and paste of what Laura said in a corresponding email. Please see attached. Not only does this now box me into this change of job description without bargaining with the unit or my Step 3 Grievance being held, but also I am now the only FSW PRDU employees as of that date that has this "up to 7 hours" noted as my job role. How can I in good faith have this signed? Also, I was given a mere two weeks to have this signed by my doctor, a specialist, which is an inappropriate timeframe, considering specialists are typically booked a month or more in advance, especially around the holidays.

The phrase "interactive process" keeps being used now, but this was not collaborative. I received a denial, quite frankly in not good faith, given that HR has numerous emails from

Jackie Quigley (reference the one attached) that says the attorney will **CALL** the FSW and we have to conference the court coverage emergency and that I will not be present in Court.

Therefore, in order to safeguard myself and my personal medical information, I would like in writing, what exactly HR is looking for from my doctor. Because my employer is only entitled to my limitations and what I am able to do, which my letter clearly, states and truly states more, given it states conditions and I am immunosuppressed.

Please let me know as soon as possible what exact medical information "discovery" you want, that does not include signing a letter that was drafted by Laura Walsh.

I also want to formally name that I have been active participant in this accommodation process. In fact, prior to Laura Walsh calling a meeting with me to share my unit's refusal to provide me an accommodation, I was sending emails asking for information since I was not given any instruction on whether or not I should follow my doctor's orders in the interim. I have attended every meeting Laura has called and been on these threads with having my delegate to speak on my behalf to advocate for me.

Thank you.

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516
F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Connie Park <cpark@legal-aid.org>
**Sent:** Monday, January 12, 2026 4:28 PM
**To:** Kim Wirt <kwirt@legal-aid.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Antoinette Washington <antoinette.washington@1199.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Kate Sutherland <lsutherland@legal-aid.org>
**Subject:** Re: Next steps in the interactive process

Hi Kim.

I have not issued a grievance decision. We are reviewing and will answer the grievance in the normal course.

There's been a lot of back and forth on email. I'm hoping to distill and simplify the issues I see. I hope this can move us forward.

As it relates to the RFI:

- I'm assuming the union would like to schedule a grievance hearing wants the response to the RFI before we the hearing, correct? If not, please let me know.
- I'll provide a separate formal response to the RFI but we will not have a response today. The union is asking for a great deal of information, some of which is overbroad, unduly burdensome, and irrelevant to the grievance topics. We will address this in the formal response.
- Option - If there is a more narrow RFI the union would like to make, that may quicken the time to respond to the RFI, produce information, and answer the grievance.

While we wait for the grievance resolution, I'd like to be clear on expectations for Marissa:

- Continuing the current accommodation schedule of wfm 3 days/week; 2 days in person
- During the in person days, follow the instructions of the court location work schedule as directed by supervisors. The interim request to remain in the LAS office until requested in court, rather than working from the court location, is not approved.
- Continue to participate in the interactive RAR process. The next steps were sent to Marissa and you in Laura's email dated 12/30/25 4:16pm. At this time, we do not have enough information to evaluate the requested accommodation or potential alternatives, which is what we are trying to obtain through the Laura's questions, and why we are seeking to continue the interactive process. The goal of the interactive process is to understand the needs of the employee and explore the various ways in which LAS can meet those needs. As outlined in the handbook, the interactive process includes "meeting with the employee to discuss and identify the precise limitations resulting from the employee's disability" and in some instances, "propos[ing] an alternate accommodation to the one requested by the employee."

Thanks,
Connie

*****

Connie Park (she/her/hers)
Chief Human Resources Officer
cpark@legal-aid.org

For general inquiries: HumanResources@legal-aid.org

---

**From:** Kim Wirt <kwirt@legal-aid.org>
**Sent:** Friday, January 9, 2026 11:00 AM
**To:** Connie Park <cpark@legal-aid.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Antoinette Washington <antoinette.washington@1199.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Kate Sutherland <lsutherland@legal-aid.org>
**Subject:** Re: Next steps in the interactive process

Hi Connie,

It is deeply concerning that you assert conclusions about key parts of a pending grievance that has yet to be heard. You have no information yet to support your stated conclusions and your email is a violation of

the grievance process. The below email is a cease and desist while a grievance is pending, and I maintain that continued enforcement on disputed job requirements will be viewed as retaliation.

Your email itself contains further mischaracterizations. You express doubt that Marissa will "continue to" participate in the interactive process. In fact, Legal Aid is currently in violation of the law and its own procedures by, for example, going on a fishing expedition for medical evidence you can use to avoid granting a legally required accommodation. Marissa is in compliance; you are not. We reiterate our demands in full.

**Please provide information requested in the RFI by end of business Monday 1/12**. This gives you 16 business days from the date the grievance was filed.

In addition to the RFI, **please provide the basis for your conclusion** that you have not mischaracterized (a) job duties nor (b) essential functions.

Thank you,
Kim

Kim Wirt, LCSW (they/them)
Forensic Social Worker
929-946-0571

---

**From:** Connie Park <cpark@legal-aid.org>
**Sent:** Friday, January 9, 2026 8:00 AM
**To:** Kim Wirt <kwirt@legal-aid.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Antoinette Washington <antoinette.washington@1199.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Kate Sutherland <lsutherland@legal-aid.org>
**Subject:** Re: Next steps in the interactive process

Hi Kim,

We wanted to respond to your email below. We have not mischaracterized her job duties, or the essential functions of her job. Additionally, your reading of the ADA as to the interactive process is incorrect. We are ready and willing to continue the interactive process with Marissa per the below and we hope that she will continue to do so. Marissa should please let us know when she has a response and can continue the interactive process.

Lastly, we wanted to let you know that we will be responding on the RFI and grievances, as well, but this should not preclude the continuation of the interactive process with Marissa.

Connie

*****
Connie Park (she/her/hers)
Chief Human Resources Officer
cpark@legal-aid.org

For general inquiries: HumanResources@legal-aid.org

---

**From:** Kim Wirt <kwirt@legal-aid.org>
**Sent:** Tuesday, January 6, 2026 11:20 AM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>; Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Connie Park <cpark@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>; Taleisha Reid <taleisha.reid@1199.org>; Antoinette Washington <antoinette.washington@1199.org>; Hayley Feldman <hfeldman@legal-aid.org>; Luca Verano Diaz <lveranodiaz@legal-aid.org>; Alice Voller <AVoller@legal-aid.org>; Kate Sutherland <lsutherland@legal-aid.org>
**Subject:** Re: Next steps in the interactive process

Dear Laura et al.,

This correspondence serves as a formal **cease and desist** regarding LAS's current handling of Marissa Kubicki's pending reasonable accommodation request.

Specifically, LAS has asserted that Marissa's position requires constant physical presence in court up to seven hours per day, twice per week. That assertion is **factually inaccurate** and inconsistent with longstanding past practice, particularly since 2020 when PRDU operations moved from Rikers Island to an office-based model. Since that time, PRDU social workers have not been required to remain continuously present in court except at the request of attorneys or to meet with clients. This practice has continued post-COVID and in both boroughs where PRDU is present.

The Union objects to LAS characterizing this newly asserted requirement as an "essential function" for purposes of the ADA. Essential functions must reflect how a job is actually and consistently performed, not a post-hoc redefinition advanced during an accommodation request.

Further, LAS's request that Marissa's health care provider identify or propose alternative accommodations is legally improper. Under the ADA, it is the employer's responsibility to identify and assess reasonable accommodations based on the employee's documented functional limitations. Providers are not required to design accommodations or validate employer-created job expectations. Shifting this responsibility to the employee or their provider undermines the interactive process and risks coercion.

Accordingly, the Union demands that LAS **cease and desist** from:

- mischaracterizing Marissa's job duties or asserting continuous court presence as an established essential function;
- conditioning accommodation consideration on a health care provider proposing alternatives beyond already documenting functional limitations;
- communicating with Marissa's provider based on inaccurate or disputed job requirements;
- pressuring Marissa to choose between compliance with medical guidance and adherence to newly asserted expectations.

**This matter is the subject of a pending grievance that has not yet been heard.** Pending resolution of that grievance and completion of the accommodation process, LAS is required to maintain the status quo while a disputed change is being grieved and provide an interim accommodation consistent with Marissa's documented medical restrictions. Marissa is entitled to follow her doctor's orders during this period without penalty, pressure, or adverse action.

The Union remains willing to engage in the interactive process in good faith. However, any continuation of enforcement based on disputed job requirements, or any failure to provide an interim accommodation aligned with medical guidance while the grievance is pending, **will be viewed as further evidence of retaliation and failure to comply with the ADA, and the Union would be entitled to take further action.**

Please confirm in writing by EOB January 7, 2026 that LAS will:

1. Cease enforcing any requirement of continuous court presence for Marissa while the grievance is pending; and

2. Implement an interim accommodation that complies with doctor's orders pending final resolution. This includes limited court interaction, as Marissa has been providing since starting at PRDU, with her remaining in her office until needed in court. See attached accommodation letter from Marissa's medical provider.

Sincerely,

Kim

Kim Wirt, LCSW (they/them)
Forensic Social Worker
929-946-0571

---

**From:** Marissa Kubicki <MKubicki@legal-aid.org>
**Sent:** Friday, January 2, 2026 9:09 AM
**To:** Laura Walsh <lwalsh@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>
**Subject:** Re: Next steps in the interactive process

Good Morning Laura

Thank you for reaching out.

I would like to discuss this instruction further with Kim, the primary delegate on the Step 3 Greivance that was filed when they return from vacation.

Once we are able to meet upon their return I will share their guidance as this relates to the grievance that was filed.

Thank you.

Marissa Kubicki, LMSW
Forensic Social Worker
Parole Revocation Defense Unit
The Legal Aid Society
260 E. 161st Street
Bronx, NY 10451
C-646-784-1516

F-646-390-4062
*pronouns: she/her/ella*
*Justice in Every Borough*
#FreeThemAll
#NoJusticeNoPeace

---

**From:** Laura Walsh <lwalsh@legal-aid.org>
**Sent:** Tuesday, December 30, 2025 4:16 PM
**To:** Marissa Kubicki <MKubicki@legal-aid.org>; Christine Struzzi <christine.struzzi@reliancematrix.com>; Maia Raspberry <maia.raspberry@reliancematrix.com>
**Cc:** Employee Relations <EmplRelations@legal-aid.org>
**Subject:** Next steps in the interactive process

Hi Marissa,
I have started a new thread since I have included our partners at Matrix. Feel free to add your delegates to the chain if you would like to.

In an effort to move forward in the interactive process, we believe the best next step would be to engage with your health care provider. Matrix would do this in partnership with you. I will let them speak to their processes and feel free to schedule time to speak with them. Christine is out of the office until 1/2/26 so I have cc'd her back-up Maia to this correspondence.

What LAS wants to ask your health care provider is:

**The current job function, twice a week the employee is scheduled for court coverage and during this coverage they are expected to be onsite/in the court house- by doing this we intend to strengthen interdisciplinary collaboration, improve early client engagement, and achieve outcomes consistent with our mission and professional standards. The expectation remains that all PRDU FSW's are to be in court on their designated court coverage days.**

**Based on this expectation and their request for a reasonable accommodation, we are working with the employee to consider alternative accommodations, and we recommend they speak to you about this as well. The employee did not want to go against your medical recommendations, therefore we wanted to reach out to understand if there are any other alternative accommodations that LAS can consider that would allow this employee to be onsite in the court house, as it stands 2x per week and up to 7 hours per day. The employee currently has an accommodation to from home 3x per week. When sitting in their LAS office they have ergo chair and air purifier. When considering alternatives, LAS had made suggestions based on the functional limitations noted in the medical. As possible alternatives, PPE and regular breaks throughout the workday were suggested as possibilities. Any additional information you can provide that would allow us to consider alternatives or if you have any alternative accommodations that can be considered given the current expectation for onsite court coverage would be greatly appreciated.**

If you have any questions about this next step in the interactive process, I would be happy to schedule a call to answer those questions when I return the week of 1/12/26. Also, please don't hesitate to reach out to Matrix as they have a lot of experience working through the interactive process.

**Laura Walsh, LMSW** (she/her)
Sr. Employee Relations Specialist
The Legal Aid Society
199 Water Street
New York, NY 10038
lwalsh@legal-aid.org
Cell: 347-346-1432
Upcoming PTO: out of office 1/1/26 to 1/9/26

THE
LEGAL AID
SOCIETY