# Exhibit M

Outlook

## Re: Follow up to meeting re> MK accommodation

**From** Connie Park <cpark@legal-aid.org>
**Date** Thu 1/22/2026 7:30 AM
**To** Katherine Pecore <kpecore@legal-aid.org>; Taleisha Reid <Taleisha.Reid@1199.org>; Antoinette Washington <Antoinette.Washington@1199.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>
**Cc** Laura Walsh <lwalsh@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Amanda Donohue <adonohue@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Kendi Rainwater <krainwater@legal-aid.org>

Morning all,
As follow up to our meeting, I committed to providing clarity on the 2 questions asked. I hope the next steps are clear in getting to resolution.

Thanks.
Connie

*****

Connie Park (she/her/hers)
Chief Human Resources Officer
cpark@legal-aid.org

For general inquiries: HumanResources@legal-aid.org

---

**From:** Katherine Pecore <kpecore@legal-aid.org>
**Sent:** Wednesday, January 21, 2026 12:27 PM
**To:** Taleisha Reid <Taleisha.Reid@1199.org>; Connie Park <cpark@legal-aid.org>; Antoinette Washington <Antoinette.Washington@1199.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>
**Cc:** Laura Walsh <lwalsh@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Amanda Donohue <adonohue@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Kendi Rainwater <krainwater@legal-aid.org>
**Subject:** Re: Follow up to meeting re> MK accommodation

It's actually shocking that you came back to us not only with a denial but with a brand-new made up work requirement that was not bargained for and has not been imposed on anyone but Marissa. Surely you know this is an unfair labor practice, a violation of the ADA and NY Human Rights Law, and illegal retaliation and discrimination—all of which we have proof of in writing. When does this end? Does Scott Rosenberg know that you are creating these liabilities for the organization? That's not to even mention the complete lack of compassion for Marissa and the fact that she could be hospitalized or die as a result of your actions.

Katherine M. A. Pecore (Kat)

*she/they*
Staff Attorney
The Legal Aid Society
Criminal Appeals Bureau
199 Water Street, 3rd Floor
New York, NY 10038
kpecore@legal-aid.org
(646) 984-2817

---

**From:** Taleisha Reid <Taleisha.Reid@1199.org>
**Sent:** Tuesday, January 20, 2026 9:53 PM
**To:** Connie Park <cpark@legal-aid.org>; Antoinette Washington <Antoinette.Washington@1199.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>
**Cc:** Laura Walsh <lwalsh@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Amanda Donohue <adonohue@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Kendi Rainwater <krainwater@legal-aid.org>
**Subject:** Re: Follow up to meeting re> MK accommodation

Hi Connie,

Thank you for the response. I must be clear that management's decision is both disappointing and deeply concerning, particularly considering the medical documentation already provided by Marissa's healthcare provider. The documentation was sufficient to substantiate the need for interim accommodations, yet management has chosen to disregard its substance. We were expecting this matter to be resolved through the interactive process in good faith. Instead, management's response reflects an inflexible position that fails to meaningfully engage with the medical guidance provided and places the burden entirely back on the employee. This approach undermines the purpose of the accommodation process and raises serious concerns about compliance and equity. Moreover, the continued imposition of additional responsibilities and denial of temporary relief sets a troubling precedent and exacerbates the very health concerns that prompted the accommodation request. This is not acceptable.
Further, the ADA does not permit employers to demand unnecessary or overly burdensome medical detail or delay reasonable accommodation where the need is already evident. Failure to provide interim relief, despite known medical risks, exposes Ms. Kubicki to ongoing harm and undermines the stated purpose of the ADA's accommodation framework.

**Warm regards,**

**Taleisha Reid, Vice President**
CBORx Div.
498 7th Avenue
New York, NY 10018
Email: **Taleisha.reid@1199.org**
Cell: **917-903-2105**
https://joinmembership.1199.org/

---

**From:** Connie Park <cpark@legal-aid.org>
**Sent:** Tuesday, January 20, 2026 5:51 PM
**To:** Taleisha Reid <Taleisha.Reid@1199.org>; Antoinette Washington <Antoinette.Washington@1199.org>; Marissa Kubicki <MKubicki@legal-aid.org>; Kim Wirt <kwirt@legal-aid.org>; Olga Karounos <OKarounos@legal-aid.org>; Katherine Pecore <kpecore@legal-aid.org>
**Cc:** Laura Walsh <lwalsh@legal-aid.org>; Rebecca Serbin <rserbin@legal-aid.org>; Amanda Donohue <adonohue@legal-aid.org>; Lauren Siciliano <lsiciliano@legal-aid.org>; Kendi Rainwater <krainwater@legal-aid.org>
**Subject:** Follow up to meeting re> MK accommodation

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Taleisha, Marissa, et al.

Appreciate everyone's best efforts in addressing this issue. From our call today, you asked for 2 immediate clarifications, see below. I'm also providing the roadmap to resolving the other issues we touched on.

Q - What is the status of the interim accommodation request to work from the LAS office during the employee's onsite court coverage shift/work days and go to court only when called?
A - This interim accommodation was denied and remains so because it remains management's position that in-person/onsite court coverage is an essential function of the PRDU social worker role. PRDU FSWs are expected to be present in court up to 7 hours/day during their scheduled in-person court workdays, depending on client needs.

Q - What is Marissa's schedule tomorrow, Wed, Jan 21.?
A - Marissa will arrive to the LAS office at her usual time. She should be in court by 10:00am. She will meet with the prelim attorneys, attorneys on shift, and attorneys who have scheduled hearings to review client cases. Marissa will assess the support she can provide. Once that is done, before leaving court, Marissa should contact Rebekah and Jackie to review the cases. This assessment of cases is expected to take no more than 1 hour. At that point, Rebekah/Jackie will provide more guidance on what needs to occur at court for the day. Marissa can expect this to be the expectation for her in-person court workdays until the accommodation is resolved (until we have moved through the next step in the interactive process).

While the interim measure of being excused from onsite court coverage is denied, we do encourage Marissa to continue to engage in the interactive process. This does not involve sharing her diagnosis with LAS. Reiterating what is needed:

> To assess the reasonable accommodation request, you'll need to provide the additional information as requested on the Matrix form. We do need a response signed by your medical provider. This is necessary for the next step in the interactive process. The medical letter you provided expresses your provider's recommendation that you have "limited Court interaction" and take "appropriate and reasonable precautions" when you do so, but it does not say anything about what the precautions should be or quantify or otherwise describe what limited interaction means, beyond citing to specific tasks (e.g. that you will attend Court when you need to speak on the record at a hearing). As described in the communication you received from HR, this is the additional information we need. From the medical letter provided, it is not evident whether your doctor would view two days a week of in-person court coverage as falling within limited interaction, or what precautions might facilitate your ability to meet that requirement.

During our call, we quickly touched on the union's disagreement with the unit's description of work duties. The RFI was large and we are working on it diligently. We expect to have a response on the RFI by next week and will keep you updated. Once you receive the RFI, we will schedule the hearing to hear the union's position in full.

Thank you.
-Connie

*****

Connie Park (she/her/hers)
Chief Human Resources Officer

The Legal Aid Society
199 Water Street
New York, NY 10038
cpark@legal-aid.org
For general inquiries: HumanResources@legal-aid.org

150 THE LEGAL AID SOCIETY