**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

MARISSA KUBICKI, individually, and on behalf of all others similarly situated

Plaintiff,

-v-

THE LEGAL AID SOCIETY, MATRIX ABSENCE MANAGEMENT, INC., CONNIE PARK, in her individual capacity, LAURA WALSH, in her individual capacity, REBEKAH ALMANZAR, in her individual capacity, JACKIE QUIGLEY, in her individual capacity, and YONZEL BURT, in her individual capacity

Defendants.

---------------------------------------------------------------- X

26-CV-3882

**DECLARATION OF GRACE F. JACOBSON IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**

I, Grace F. Jacobson, being duly sworn, states as follows:

1. I am one of the attorneys representing Defendants The Legal Aid Society ("LAS"), Matrix Absence Management, Inc. ("Matrix"), Connie Park, Laura Walsh, Rebekah Almanzar, Jackie Quigley, and Yonzel Burt (the "Individual Defendants") (collectively, the "Defendants") in the above-captioned matter. I submit this declaration in support of Defendants' Motion to Stay Discovery pending the Court's resolution of their Motions to Dismiss Plaintiff Marissa Kubicki's Amended Complaint.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's September 8, 2026, Requests for Production to LAS.

3. Attached hereto as **Exhibit B** is a true and correct copy of LAS's October 8, 2026, Objections to Plaintiff's September 8, 2026, Requests for Production to LAS.

4. On September 9, 2026, counsel for Defendants proposed a limited exchange of discovery between the parties while the Motions to Dismiss are under the Court's consideration. Plaintiff rejected that proposal and offered no alternative. Attached hereto as **Exhibit C** is a true and correct copy of that email correspondence.

5. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's September 28, 2026, Requests for Production to LAS and Matrix.

6. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's September 28, 2026, Requests for Production to the Individual Defendants.

7. Attached hereto as **Exhibit F** is a true and correct copy of Plaintiff's September 28, 2026, Notices of Taking Depositions of Walsh, Quigley, and Almanzar.

8. Plaintiff's discovery requests would require substantial effort by multiple individuals and departments across several entities. To identify, collect, review, and produce potentially responsive information, Defendants would need to coordinate among outside counsel, in-house counsel, Human Resources personnel, Employee Relations personnel, information-technology personnel, database administrators, and representatives of Matrix. Certain requests also may require consultation with third-party vendors regarding collection and extraction of electronically stored information. The requested materials encompass personnel records, accommodation-related records, medical information, electronic communications, and information maintained in structured databases. As a result, Defendants would be required to undertake extensive review for attorney-client privilege, work-product protection, confidentiality, employee privacy, medical-information protections, and data-integrity concerns before any

production could be made. The time and expense associated with these efforts would be substantial.

9. During a September 2026 phone call my colleague had with Plaintiff's attorney, Cyrus Dugger, Mr. Dugger stated: "I don't need any discovery to move for summary judgment."

I declare under penalty of perjury under the laws of Minnesota and the United States of America that the foregoing is true and correct.

Dated: October 15, 2026

*/s/ Grace F. Jacobson*__
Grace Jacobson