DLF | The Dugger Law Firm PLLC

*Cyrus E. Dugger, Esq., Gotham Center, 28-07, Jackson Ave., 5th Fl., Long Island City, NY 11101*
*Tel: (646) 560-3208*

October 20, 2026

**Via ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

**Re:** ***Kubicki v. The Legal Aid Society*, et al., No. 1:26-cv-03882-VSB-OTW**

Dear Judge Wang:

We represent Plaintiff Marissa Kubicki and the putative classes in the above-referenced matter and respectfully request that the Court deny Defendants' request for a protective order.

**Background**

A month and a half ago, on September 8, 2026, Plaintiff served production requests focused on her individual claims, primarily covering the critically relevant period of August 1, 2025, through March 6, 2026. Almost a month ago, on September 28, she noticed Jackie Quigley's, Rebekah Almanzar's, and Laura Walsh's depositions for October 29, October 30, and November 2, respectively. The September 29 Order set October 21 for Defendants' stay brief and October 28 for Plaintiff's opposition, with no reply, but did not stay discovery or adjourn depositions. ECF No. 58.

After Plaintiff requested confirmation on October 7, Defendants refused on October 8, calling the depositions "premature and improperly sequenced," without supplying requested authority for withholding the witnesses absent a court-ordered stay. On October 8 LAS also served their responses and objections to Plaintiff's first production requests, and objected to all 30 production requests, invoking its forthcoming dismissal and stay motions.

On October 8, Plaintiff proposed conferring, regarding Defendants' discovery withholdings and objections, on October 16, two days after dispositive opening briefs were due. On October 14, Plaintiff offered October 19 or 20. Defendants nevertheless filed their stay motion and protective-order application on October 15, six days before their stay brief was due, without first meeting and conferring.

**The Failure to Meet and Confer**

Your Honor's Individual Practices § IV(b) requires parties to "first meet and confer in good faith . . . in person or by telephone." Defendants identify neither a completed conference nor a court-imposed October 15 deadline. ECF No. 81 at 1. Their chosen deadline should not excuse bypassing the conference or transform Plaintiff's alternative dates into refusal. Plaintiff requests denial without prejudice pending compliance.

**The Noticed Depositions**

Earlier today, Plaintiff served amended notices of deposition for Jackie Quigley, Rebekah Almanzar, and Laura Walsh for November 19, 20, 23, respectively, as well as a new notice of deposition for former human resources staff member Connie Park on November 24, 2026. Had Defendants met and conferred with us following the completion of our MSJ filing, we could have communicated being amenable to this change from our originally requested dates, as a result of the submission of our completed motion for partial summary judgment.

More fundamentally, Defendants' preferred sequence is not required by the Federal Rules. Once discovery opens, reasonable written notice generally suffices, subject to Rule 30(a)(2) and applicable orders. Fed. R. Civ. P. 30(a)(1)–(2), (b)(1); *Farmer v. Hyde Your Eyes Optical, Inc*., No. 13-CV-6653 (GBD) (JLC), 2015 WL 2250592, n.9 (S.D.N.Y. May 13, 2015). Absent stipulation or court order, discovery may proceed in any sequence without one party delaying another. Fed. R. Civ. P. 26(d)(3)(A)–(B). This Court has rejected a defendants' unjustified demand to depose plaintiff first. *Day v. MTA N.Y.C. Transit Auth*., No. 17-cv-7270 (VSB), at 1 (S.D.N.Y. July 7, 2020), ECF No. 95 ("While the advisory notes to Fed. R. Civ. P. 26(d) note that "court[s] may upon motion and by order grant priority in a particular case," the defendants have not demonstrated that such intervention is warranted. The parties are directed to proceed with depositions in the order that notices of depositions were served.");*Alheid v. Target Corp*., No. 16 Civ. 6980 (PGG) (HBP), 2017 WL 4174929, at *1–3 (S.D.N.Y. Aug. 29, 2017) (rejecting plaintiff-first priority and exhaustion of other discovery before factual corporate testimony). Nor must depositions categorically await written discovery. *Convermat Corp. v. St. Paul Fire & Marine Ins. Co*., No. 06-CV-1045 (JFB) (AKT), 2007 WL 2743679, at *2 (E.D.N.Y. Sept. 18, 2007).

Separate discovery disputes do not justify self-help cancellation, *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148–49 (S.D.N.Y. 2014), and pending dismissal motions do not automatically stay discovery. *The Nielsen Co. (US), LLC v. TVSquared Ltd*., No. 23-CV-1581 (VSB), 2023 WL 4363005, at *1–2 (S.D.N.Y. July 6, 2023); *Fed. Aviation Admin. v. Landy*, 705 F.2d 624, 634 (2d Cir. 1983) (motion to vacate notice did not itself stay deposition). Defendants must obtain relief, not unilaterally impose their preferred sequence.

Separate discovery disputes also do not authorize self-help cancellation. John Wiley & Sons, Inc., LLC, 298 F.R.D. at 148–49. Nor do pending dismissal motions automatically stay discovery as good cause remains necessary. *The Nielsen Co. (US)*, 2023 WL 4363005, at *1–2 Plaintiff's properly noticed depositions are therefore not improper merely because Defendants prefer to await rulings. Their proposed sequence requires discretionary relief – not unilateral enforcement of a non-existent desired stay the Court has not granted.

Defendants also misunderstand the timing and purpose of the noticed depositions. Plaintiff does not seek discovery to cure any asserted pleading deficiency, but to develop the merits record and further support her pending motions for partial summary judgment. Beyond their broader relevance, the depositions will permit examination of anticipated opposing declarants concerning their personal knowledge, the challenged decisions, and the factual bases for any assertions offered against those motions. *See Krause v. Buffalo & Erie Cnty. Workforce Dev. Consortium, Inc*., 425

F. Supp. 2d 352, 374 (W.D.N.Y. 2006) (explaining that summary-judgment movants could address an opposing affidavit through a deposition while their motions remained pending, including by seeking additional time before filing replies). Developing and testing that evidence serves the summary-judgment process; it is certainly does not support any deficiency in the Complaint or Plaintiff's current existing evidentiary showing.

Finally, these depositions will proceed even if the individual Defendants were to be dismissed, as each deponent is either a supervisor of Plaintiff, or a human resources representative, in either instance directly involved regarding her express disability accommodation denials and constructive denials.

The Court therefore can rule on Defendants' fully briefed motion to stay as of October 28 long before the newly noticed dates in late November.[1]

**The Requests for Production**

In response to Plaintiff's fifteen-page First Requests for Production, which were a targeted set of requests primarily addressing the critical August 2025–March 2026 period, LAS served forty-four pages of objections on October 8, 2026, without producing responsive documents. LAS objected to all 30 requests as premature. Each individual response repeated the assertion that Defendants' "anticipated motion to dismiss the Amended Complaint remains pending and may dispose of some or all claims and parties before merits discovery proceeds." General Objection 1 also invoked Defendants' forthcoming motion to stay discovery. ECF No. 71 ¶ 165; ECF No. 74 ¶ 9; ECF No. 74-7 at 2–3.

A request for a stay is not itself a stay -- just as a request to dismiss a complaint is not a dismissal. In *Police Benevolent Ass'n of City of N.Y., Inc. v. City of New York*, No. 26-CV-3243 (VSB) (KHP), slip op. at 2–3 (S.D.N.Y. Sept. 24, 2026), ECF No. 53 ("[T]he filing of a motion to stay discovery does not itself operate as a stay . . . while their motion to stay discovery remained pending, Defendants continued to be bound by their discovery obligations, including the applicable deadlines for serving responses and objections."), the court held that defendants remained bound by their discovery obligations and response deadlines while their stay motion was pending. More directly, *Benefit Funding Systems LLC v. Advance America, Cash Advance Centers, Inc.*, No. 12-801-LPS, 2013 WL 3296230, at *1 (D. Del. June 28, 2013) ("Defendant's effort to essentially grant itself a stay by resisting discovery due only to its pending motion for a stay is improper"), compelled document production and interrogatory answers, subject to specific objections, because resisting discovery solely on the basis of a pending stay motion improperly amounted to granting oneself a stay.

---

[1] The deposition notices were not intentionally noticed for days that Defendants' counsel were unavailable.

Whether discovery should be stayed is for the Court to decide. LAS's preference for a stay does not itself justify withholding otherwise discoverable documents pending that decision. *See Benefit Funding Sys. LLC.*, 2013 WL 3296230.

Respectively submitted,

/s/ Cyrus E. Dugger