**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARISSA KUBICKI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE LEGAL AID SOCIETY, MATRIX ABSENCE MANAGEMENT, INC., CONNIE PARK, in her individual capacity, LAURA WALSH, in her individual capacity, REBEKAH ALMANZAR, in her individual capacity, JACKIE QUIGLEY, in her individual capacity, and YONZEL BURT, in her individual capacity,

Defendants.

Case No. 1:26-cv-03882-VSB-OTW

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................... ii

PRELIMINARY STATEMENT .................... 1

RELEVANT BACKGROUND .................... 1

A. The accommodation dispute .................... 1

B. The motions and the discovery served .................... 3

C. The parties' proposals .................... 3

STANDARD OF REVIEW .................... 4

ARGUMENT .................... 5

I. DEFENDANTS HAVE NOT SHOWN THAT PLAINTIFF'S CLAIMS LACK MERIT .................... 5

A. A contested dismissal motion does not establish good cause .................... 5

B. The record undermines Defendants' claimed strong showing on the merits .................... 6

C. Recent appellate authority sustains claims like Plaintiff's .................... 7

D. LAS's express refusals and unjustified delay independently support liability .................... 8

E. The FAC gives fair notice; its length does not justify a stay .................... 11

F. LAS's reserved Rule 23 objections supply no independent ground .................... 12

II. THE REQUESTED DISCOVERY IS PROPORTIONATE, AND DEFENDANTS HAVE NOT SHOWN UNDUE BURDEN .................... 13

A. Defendants offer labels, not facts .................... 13

B. The record identifies practical, low-cost means of collection and production .................... 13

C. A dismissal ruling would not eliminate the common record .................... 17

III. A STAY WOULD UNFAIRLY PREJUDICE PLAINTIFF .................... 18

A. Forced leave is an injury requiring discovery .................... 18

B. Delay would prolong present financial hardship .................... 19

C. Delay risks impairing prospective relief .................... 19

D. Neither a favorable merits assessment nor absence of prejudice compels a stay .................... 20

IV. BORJAS DOES NOT SUPPORT A BLANKET STAY HERE .................... 20

V. JUDICIAL ECONOMY FAVORS DEVELOPING THE COMMON RECORD .................... 21

CONCLUSION .................... 22

# TABLE OF AUTHORITIES

## Cases

Page(s)

*Agerbrink v. Model Service LLC*, No. 14-CV-7841, 2017 WL 933095 (S.D.N.Y. Mar. 8, 2017) ....16, 21

*Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316 (S.D.N.Y. May 10, 2021)....4

*Allegiant Travel Co. v. R2 Sols. LLC*, No. 22-CV-828, 2022 WL 7686760 (D. Nev. Oct. 13, 2022) ....19

*Austin v. Town of Farmington*, 826 F.3d 622 (2d Cir. 2016) ....9

*Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015) ....11

*Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474 (S.D.N.Y. 2016) ....12

*Bennett v. Cuomo*, No. 22-CV-7846 (VSB), 2023 WL 2021560 (S.D.N.Y. Feb. 15, 2023) ....5, 6, 17, 20

*Borjas v. N.Y.C. Dep't of Educ.*, No. 23-CV-10829 (OTW), 2025 WL 3227476 (S.D.N.Y. Nov. 19, 2025) ....19, 20

*Borjas v. N.Y.C. Dep't of Educ.*, No. 23-CV-10829 (OTW), 2026 WL 849577 (S.D.N.Y. Mar. 26, 2026) ....19, 20, 21

*Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182 (S.D.N.Y. 2025)....13, 16

*Brown v. Meisner*, 81 F.4th 706 (7th Cir. 2023)....11

*Callbeck v. Fallon Cmty. Health Plan, Inc.*, 480 F. Supp. 3d 308 (D. Mass. 2020) ....10

*Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2021 WL 2413320 (S.D.N.Y. June 10, 2021)....5, 6

*Cangro v. N.Y.C. Dep't of Fin.*, 183 F.4th 149 (2d Cir. 2026) ....7, 11

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009)....7

*Cerco Bridge Loans 6 LLC v. Schenker*, No. 23-CV-11093 (DEH), ECF 44 (S.D.N.Y. Apr. 4, 2024)....6, 21

*Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294 (S.D.N.Y. 2012)....13, 16, 17, 19

*Choudhury v. N.Y.C. Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837 (S.D.N.Y. Oct. 22, 2025) ....20

*Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-933 (JAM), 2023 WL 4706815 (D. Conn. July 24, 2023)....6, 7

*Coronado v. Weill Cornell Med. Coll.*, 66 Misc. 3d 404 (Sup. Ct. N.Y. Cnty. 2019)....10

*CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485 (S.D.N.Y. May 24, 2022) ....5

*Cunningham v. Big Think Capital Inc.*, No. 21-CV-2162, 2021 WL 4407749 (E.D.N.Y. Sept. 27, 2021)....12

*Denese G. v. Dep't of the Treasury*, EEOC Appeal No. 0120141118 (Dec. 29, 2016)................10

*DK Gentile & Co. v. Global Indus. Distrib. Inc.*, No. 25-CV-6810 (NJC) (JMW), 2026 WL 1948966 (E.D.N.Y. July 6, 2026)..........................................................17

*Dobbs v. Bank of N.Y. Mellon*, No. 25-CV-2114 (JAV), 2025 WL 2382318 (S.D.N.Y. July 21, 2025)..........................................................................................16

*Dove v. Atl. Cap. Corp.*, 963 F.2d 15 (2d Cir. 1992)...........................................................13

*Druckman v. Morgenstern*, No. 26-CV-993 (PAE), 2026 WL 791896 (S.D.N.Y. Mar. 20, 2026) ..........................................................................................................20

*Duke v. Am. Express Co.*, No. 23-CV-125, 2025 WL 1918643 (D. Ariz. July 11, 2025) ..............................................................................................................12

*Fischer v. Forrest*, No. 14-CV-1304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ..........................................................................................................21

*Fractional Ownership Holdings, LLC v. Gangl*, No. 24-CV-9036 (RA), 2026 WL 1866599 (S.D.N.Y. June 29, 2026)..................................................................18

*Friedman v. Nexien, Inc.*, No. 21-CV-3292 (DRH) (JMW), 2021 WL 5910763 (E.D.N.Y. Nov. 9, 2021)...............................................................................5

*Gastineau v. ESPN Inc.*, No. 25-CV-2041 (PAE), 2025 WL 2733155 (S.D.N.Y. Sept. 24, 2025) ..........................................................................................................20

*Ghost in the Machine, Inc. v. Planned Parenthood Fed'n of Am., Inc.*, No. 22-CV-9270 (VSB), ECF 35 (S.D.N.Y. Oct. 4, 2023) ...............................................18

*Giuffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016) ...........................................................................................5, 6, 16, 20

*In re Google Generative AI Copyright Litig.*, No. 23-CV-3440 (EKL), 2025 WL 1159998 (N.D. Cal. Apr. 21, 2025) .........................................................................12

*Harnage v. Lightner*, 916 F.3d 138 (2d Cir. 2019).............................................................11

*Hegazy v. Halal Guys, Inc.*, No. 22-CV-1880 (JHR), 2023 WL 4405804 (S.D.N.Y. July 7, 2023)..........................................................................................................12

*Henriquez v. City of New York*, 247 A.D.3d 535 (1st Dep't 2026) .........................................7

*Hill v. Clayton Cnty. Sch. Dist.*, 619 F. App'x 916 (11th Cir. 2015)...............................................9

*Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67 (E.D.N.Y. 2006) ..............................................18

*Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013).............................................................................................4, 5, 6

*Hosking v. Mem'l Sloan-Kettering Cancer Ctr.*, 186 A.D.3d 58 (1st Dep't 2020) ......................11

*Hyacinthe v. City of New York*, 2021 N.Y. Slip Op. 30443(U) (Sup. Ct. N.Y. Cnty. Feb. 17, 2021) ..........................................................................................................10

*Idle Media, Inc. v. Create Music Grp., Inc.*, No. 24-CV-805 (JLR), 2024 WL 2946248 (S.D.N.Y. June 11, 2024).............................................................................5, 6

*In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006) ...............................................11

*Jacobsen v. N.Y.C. Health & Hosps. Corp.*, 22 N.Y.3d 824 (2014)....................................8, 17, 19

*Jochelman v. N.Y. State Banking Dep't*, 2010 N.Y. Slip Op. 32750(U) (Sup. Ct. N.Y. Cnty. Sept. 30, 2010), *aff'd*, 83 A.D.3d 540 (1st Dep't 2011)..........................................10

*Khan v. City of New York*, 757 F. Supp. 3d 327 (E.D.N.Y. 2024) ..........................................17

*Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118 (2d Cir. 2006) ..................................................7

*Lewis v. Register.com, Inc.*, No. 1:25-CV-275 (JPH) (MJD), 2025 WL 2662338 (S.D. Ind. Sept. 16, 2025)..........................................................................................................12

*Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18-CV-4476, 2020 WL 1166047 (S.D.N.Y. Mar. 11, 2020).....................................21

*Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208 (2d Cir. 2001) .....................................8

*Maes v. JP Morgan Chase*, No. 12-CV-782 (JAH) (MDD), ECF 73 (S.D. Cal. Jan. 10, 2014) ..........................................................................................................................12

*Marjorie F. v. Dep't of Veterans Affs.*, EEOC Appeal No. 2022001439 (June 14, 2023) ..........................................................................................................................10

*McCray v. Wilkie*, 966 F.3d 616 (7th Cir. 2020) ..................................................................9

*McKellips v. Franciscan Health Sys.*, No. C13-5096 (MJP), 2013 WL 1991103 (W.D. Wash. May 13, 2013).............................................................................................19

*McMillan v. City of New York*, 711 F.3d 120 (2d Cir. 2013)..........................................8, 18

*Medien Patent Verwaltung AG v. Warner Bros. Ent. Inc.*, No. 10-CV-4119, 2014 WL 1169575 (S.D.N.Y. Mar. 21, 2014) ........................................................................19

*Mendez v. John Jay Coll. of Crim. Just.*, No. 23-CV-8816 (LGS), ECF 171 (S.D.N.Y. Sept. 18, 2026)................................................................................................................10

*Monroe v. Jewel Food Stores, Inc.*, No. 18-CV-1499, 2023 WL 2018907 (N.D. Ill. Feb. 15, 2023) ..................................................................................................................9

*Nielsen Co. (US) LLC v. TVSquared Ltd.*, No. 23-CV-1581 (VSB), 2023 WL 4363005 (S.D.N.Y. July 6, 2023) ...........................................................4, 5, 6, 13, 15

*Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89 (2d Cir. 2015) ...............................................10

*O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018)...................................................................................................4

*Owens v. Delta Airlines, Inc.*, No. 23-CV-2114 (FB) (PK), 2025 WL 278024 (E.D.N.Y. Jan. 23, 2025) ..........................................................................................9

*Perkins v. City of New York*, No. 22-196-cv, 2023 WL 370906 (2d Cir. Jan. 24, 2023) (summary order).................................................................................................................9

*Picinich v. United Parcel Serv.*, 321 F. Supp. 2d 485 (N.D.N.Y. 2004) ...................................9

*Police Benevolent Ass'n of City of N.Y., Inc. v. City of New York*, No. 26-CV-3243 (VSB) (KHP), 2026 WL 2766997 (S.D.N.Y. Sept. 17, 2026)..........................................18

*Raymond v. 1199SEIU Nat'l Benefit Fund*, 184 F.4th 42 (2d Cir. 2026)................................7, 10

*Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675 (S.D.N.Y. 2018) ...............................5

*Retha W. v. Dep't of Agric.*, EEOC Appeal No. 0120161254 (June 21, 2018) ....10

*Ria T. v. U.S. Postal Serv.*, EEOC Appeal No. 0120182257 (Jan. 14, 2020) ....10

*Robbins v. Candy Digital, Inc.*, No. 23-CV-10619 (LJL), 2024 WL 2221362 (S.D.N.Y. May 15, 2024) ....5

*Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y.3d 881 (2013) ....8

*Russo v. Nat'l Grid, U.S.A.*, No. 23-CV-3954 (NCM) (TAM), 2024 WL 5186728 (E.D.N.Y. Dec. 20, 2024) ....10

*Schmidt v. Solis*, 891 F. Supp. 2d 72 (D.D.C. 2012) ....10

*Serdans v. N.Y. & Presbyterian Hosp.*, 112 A.D.3d 449 (1st Dep't 2013) ....8, 10

*Serdans v. N.Y. & Presbyterian Hosp.*, 138 A.D.3d 524 (1st Dep't 2016) ....8, 10

*Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995) ....11

*Matter of Smelyansky v. N.Y.S. Office of Gen. Servs.*, 250 A.D.3d 1286 (3d Dep't 2026) ....7

*Stanley v. Phelon*, No. 23-731-cv, 2024 WL 1453872 (2d Cir. Apr. 4, 2024) (summary order) ....11

*Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 17-CV-1765 (CSH), 2018 WL 1960112 (D. Conn. Apr. 26, 2018) ....6

*State of New York v. Administration for Children & Families*, No. 26-CV-172 (VSB) (RFT), 2026 WL 2283391 (S.D.N.Y. Aug. 7, 2026) ....20

*Strife v. Aldine Indep. Sch. Dist.*, No. 24-20269, slip op. (5th Cir. May 16, 2025) ....10

*Strougo v. Barclays PLC*, 194 F. Supp. 3d 230 (S.D.N.Y. 2016) ....19

*Tafolla v. Heilig*, 80 F.4th 111 (2d Cir. 2023) ....8

*Tate v. Bisignano*, No. 23-CV-16421, 2026 WL 84472 (N.D. Ill. Jan. 12, 2026) ....10, 19

*Thorpe v. District of Columbia*, 306 F.R.D. 6 (D.D.C. 2014) ....20

*Tillman v. N.Y.C. Dep't of Hum. Res. Admin.*, No. 22-872-cv, 2023 WL 2770218 (2d Cir. Apr. 4, 2023) (summary order) ....9

*Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242 (2d Cir. 2025) ....8

*In re Water Gremlin Co.*, No. 23-11775 (LSS), ECF 596-4 (Bankr. D. Del. Nov. 19, 2024), ECF 608-1 (Nov. 21, 2024) ....15

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377 (N.D. Ill. Sept. 24, 2013) ....12

*Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004) ....11

*Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003) ....15

*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) ....16

**Statutes**

Page(s)

28 U.S.C. § 1367(c)(3) ....7

N.Y.C. Admin. Code § 8-107(15)....................9, 11
N.Y.C. Admin. Code § 8-107(28)....................10, 11

**Rules**

Page(s)

Fed. R. Civ. P. 8....................12
Fed. R. Civ. P. 12(a)(4)....................6
Fed. R. Civ. P. 23....................12
Fed. R. Civ. P. 26(b)(1)....................19
Fed. R. Civ. P. 26(b)(2)(B)....................17
Fed. R. Civ. P. 26(c)....................1, 4
Fed. R. Civ. P. 26(d)(1)....................6
Fed. R. Civ. P. 34(b)(2)(D)....................17
Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment....................15
Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment....................16

**Other Authorities**

Page(s)

EEOC, *Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the ADA*, No. 915.002 (Oct. 17, 2002)....................9

## PRELIMINARY STATEMENT

A motion to dismiss does not stay discovery. Rule 26(c) requires Defendants to show good cause, which turns on the strength of their dismissal motions, the breadth and burden of the discovery, and the risk of unfair prejudice to Plaintiff. Defendants fail each test.

On the merits, Plaintiff pleads, and supports with sworn testimony and contemporaneous documents, that for more than two years she successfully covered court from LAS's office across the street, attending whenever actually needed; that she asked only to continue that arrangement while receiving immunosuppressive treatment; that LAS refused three times; and that LAS offered a "substantially similar" arrangement only after three and a half months. A belated proposal does not erase earlier refusals.

On burden, Defendants offer one paragraph of attorney declaration listing categories of work, without a document count, an hour, or a dollar. The requests prescribe low-cost collection methods and ordinary-course reports, and twenty-six of Plaintiff's thirty requests seek records relevant to her individual accommodation claim whatever becomes of the other counts. A stay would not avoid that work; it would postpone it.

On prejudice, Plaintiff remains on medical leave with reduced compensation, depleted paid leave, and lost health insurance while LAS, with $440 million in annual revenue, seeks to defer the discovery that would establish liability; delay also threatens prospective relief before she returns to the same accommodation process. The motion should be denied.

## RELEVANT BACKGROUND

### A. The accommodation dispute

Plaintiff, a forensic social worker in LAS's Parole Revocation Defense Unit ("PRDU"), worked for more than two years from LAS's office across the street from the Bronx courthouse,

going to court whenever a client, attorney, or hearing required her. FAC ¶¶ 47, 102–109; ECF 73 ("Kubicki Decl.") ¶¶ 3–8; ECF 69 ("Verano Diaz Decl.") ¶¶ 6–8, 20, 22. On November 24, 2025, upon beginning immunosuppressive treatment, she asked to continue that arrangement to limit unnecessary courthouse exposure. FAC ¶¶ 130–142. The request preserved her in-person days, hours, position, and duties; LAS's own dismissal papers recount her willingness to attend court when needed. Kubicki Decl. ¶¶ 12–15; ECF 60 at 4.[1]

LAS denied the request orally on December 26, 2025, and in writing on January 12 ("is not approved") and January 20, 2026 ("was denied and remains so"), with a 10:00 a.m. court report the next morning. ECF 71 ("Pl. 56.1") ¶¶ 98, 117, 129; FAC ¶¶ 22, 193–196; Kubicki Decl. ¶¶ 23–29; ECF 73-11 at 7; ECF 73-13 at 4. LAS permitted office-based work for one week only; its January 29 proposal still required courthouse entry before any need was identified. FAC ¶¶ 216–217; Kubicki Decl. ¶¶ 32–33; ECF 73-16 at 2–3. Plaintiff began provider-directed leave on February 2, and on March 6, 102 days after the request, LAS substituted Teams outreach (which the union had proposed in October 2025, Verano Diaz Decl. ¶¶ 15–16; ECF 69-3 at 9–10) for the courthouse check-in, "for 6 months (starting whenever you return)." FAC ¶¶ 25, 221; Kubicki Decl. ¶ 34; ECF 73-17 at 3; ECF 74 ("Dugger Decl.") ¶ 7. Plaintiff alleges that the exposure contributed to an illness that, with interrupted treatment, precipitated a severe decline requiring a wheelchair and full-time care. FAC ¶¶ 280–288. She remains employed, with an anticipated December 17, 2026 return. FAC ¶¶ 30, 293–299.

---

1 Pin cites to the memoranda at ECF 60, 65, 72, and 77 are to their printed page numbers; all other ECF cites are to ECF pagination.

**B. The motions and the discovery served**

Defendants moved to dismiss on October 14, 2026 (ECF 59, 64); Plaintiff moved the same day for partial summary judgment on individual NYCHRL accommodation liability against LAS, reserving damages, medical causation, class relief, other claims, and other defendants. Pl. 56.1 at 1. Defendants seek to stay all discovery, including depositions. ECF 77 at 1–3, 22. They have sought delay from the outset: their Rule 26(f) proposal deferred class discovery until after individual summary judgment, with dispositive motions fifteen months after the dismissal ruling, fact discovery to June 2028, and trial readiness to February 2029. ECF 33 at 8, 11, 19–21.

Plaintiff's September 8 requests to LAS seek the decision files, reasons, communications, policies, and accommodation and leave records. ECF 78-1 ("First LAS Requests") Nos. 2–7, 17–23, 29–30. LAS's October 8 responses objected to all thirty requests as premature, produced nothing, and identified no documents or production date even for the decision files. ECF 78-2 at 10–15; Dugger Decl. ¶ 9; ECF 74-7 at 2–3; ECF 82 at 3; Declaration of Cyrus E. Dugger in Opposition ("Dugger Stay Decl.") ¶ 57. LAS even objected to Request 25 (Plaintiff's own ability to perform identified tasks) as "broad comparator and class-wide discovery." ECF 78-2 at 38–39. The September 28 requests to the Individual Defendants (ECF 78-5, "Individual Requests") and to LAS and Matrix (ECF 78-4, "Data Requests") are addressed in Point II.

**C. The parties' proposals**

Defendants' September 9 proposal offered six categories of Plaintiff-specific records, all overlapping pending requests. ECF 77 at 3; First LAS Requests Nos. 2–6, 8, 10–13, 16, 19, 21–22. It was conditioned on Plaintiff producing her private dispute-related communications with union representatives, coworkers, comparators, and alleged class members, plus medical records dating to 2020 and benefits applications, while Defendants excluded "a forensic analysis or review of electronically stored information" from their own undertaking. ECF 78-3 at 3–4. Defendants

thus demanded the very personal communications they now call too burdensome to collect from their own clients, exposing coworkers' exchanges to employer review in a case pleading retaliation. *Compare* ECF 78-3 at 3–4, *with* ECF 77 at 1–3, 13–14; FAC ¶¶ 398–400. Plaintiff instead proposed ordinary discovery under an ESI protocol. ECF 48 at 3–4. Plaintiff circulated the Court's model protective order on October 7, still unsigned; on October 26, Defendants' counsel said Defendants will produce nothing in response to the First LAS Requests absent a court order. Dugger Stay Decl. ¶ 58 & Ex. FF. On October 20, Plaintiff re-noticed the Quigley, Almanzar, Walsh, and Park depositions for November 19–24, between Defendants' summary-judgment opposition and Plaintiff's reply. ECF 82 at 2–3; ECF 58.

**STANDARD OF REVIEW**

The movant bears the burden of showing good cause under Rule 26(c), and "[a] motion to dismiss does not automatically stay discovery." *Nielsen Co. (US) LLC v. TVSquared Ltd.*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023) (quoting *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018)). An "overly lenient standard" for stays "is likely to result in unnecessary discovery delay." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *O'Sullivan*, 2018 WL 1989585, at *3. Courts consider "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Nielsen*, 2023 WL 4363005, at *1 (quoting *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021)).

Nonfrivolous grounds do not suffice; the movant needs "substantial arguments for dismissal" and "a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong*, 297

F.R.D. at 72. A stay motion "is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss," *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021), but the inquiry weighs the plaintiff's responses: "[w]ith strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing.'" *Nielsen*, 2023 WL 4363005, at *1–2; *Bennett v. Cuomo*, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *2–3 (S.D.N.Y. Feb. 15, 2023) (both quoting *Giuffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)). Burden must be shown concretely. *Bennett*, 2023 WL 2021560, at *4. Dismissal matters only insofar as it reduces discovery, *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022), and absence of prejudice alone is not good cause. *Bennett*, 2023 WL 2021560, at *5.

## ARGUMENT

### I. DEFENDANTS HAVE NOT SHOWN THAT PLAINTIFF'S CLAIMS LACK MERIT

#### A. A contested dismissal motion does not establish good cause

Courts have denied stays where plaintiffs present substantial responses to the asserted grounds for dismissal. *Nielsen*, 2023 WL 4363005, at *1; *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677–78 (S.D.N.Y. 2018) (Defendants' own authority, ECF 77 at 11; no burden shown and claims not "utterly devoid of merit"); *Robbins v. Candy Digital, Inc.*, No. 23-CV-10619 (LJL), 2024 WL 2221362, at *1 (S.D.N.Y. May 15, 2024) (substantial responses). Nor does uncertainty favor suspension. *Friedman v. Nexien, Inc.*, No. 21-CV-3292 (DRH) (JMW), 2021 WL 5910763, at *6–7 (E.D.N.Y. Nov. 9, 2021); *Idle Media, Inc. v. Create Music Grp., Inc.*, No. 24-CV-805 (JLR), 2024 WL 2946248, at *3 (S.D.N.Y. June 11, 2024); *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 17-CV-1765 (CSH), 2018 WL 1960112, at *3 (D. Conn. Apr. 26, 2018).

A contested motion alone establishes neither the merits showing nor good cause, *Hong Leong*, 297 F.R.D. at 72–73; *Giuffre*, 2016 WL 254932, at *2, and Defendants' prediction that their incompletely briefed motions will eliminate every claim seeks the preliminary ruling *Cambridge Cap.* forbids. 2021 WL 2413320, at *2. Nor was the discovery premature because Defendants had not answered. ECF 77 at 13. Rule 26(d)(1) permits discovery after the Rule 26(f) conference, held June 19, 2026, ECF 48 at 2; Dugger Decl. ¶ 8, and Rule 12(a)(4) extends the pleading deadline without suspending discovery, *see Nielsen*, 2023 WL 4363005, at *1; the September 29 scheduling order set briefing without staying discovery. ECF 58.

**B. The record undermines Defendants' claimed strong showing on the merits**

Sworn testimony and contemporaneous documents support judgment on LAS's individual NYCHRL accommodation liability for three express refusals and the ensuing delay. Pl. 56.1 at 1, ¶¶ 98, 117, 125, 129; Kubicki Decl. ¶¶ 23–34. The Court need not grant that motion to recognize that its evidence undercuts calling the core claim unmeritorious. *Nielsen*, 2023 WL 4363005, at *1–2. Nor does seeking judgment on a discrete issue concede that discovery is unnecessary. *Cerco Bridge Loans 6 LLC v. Schenker*, No. 23-CV-11093 (DEH), ECF 44 at 1–4 (S.D.N.Y. Apr. 4, 2024), denied a stay despite an early plaintiff's partial-summary-judgment motion, finding no inconsistency between seeking judgment and pursuing discovery. Plaintiff's motion reaches part of one of eleven counts; even a complete grant would leave ten counts, damages, medical causation, class relief, and the other defendants' liability for discovery. FAC, Causes of Action I–XI; Pl. 56.1 at 1; *Bennett*, 2023 WL 2021560, at *4 (remaining claims and overlapping discovery); *Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21-CV-933 (JAM), 2023 WL 4706815, at *4–5 (D. Conn. July 24, 2023) (denying stay pending partial summary judgment). LAS's supplemental-jurisdiction argument likewise presupposes dismissal of every federal claim, ECF

60 at 23–25; such a dismissal would permit, not compel, declining jurisdiction, 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009), and although early dismissal of all federal claims ordinarily favors declining it, *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122–23 (2d Cir. 2006), that contingency says nothing about the federal claim's merit.

### C. Recent appellate authority sustains claims like Plaintiff's

*Cangro v. N.Y.C. Dep't of Fin.*, 183 F.4th 149, 160–61 (2d Cir. 2026), reinstated ADA and NYCHRL accommodation claims because prior performance, continued partial remote work, and managerial support made a home-and-alternative-office arrangement plausible; "Rule 12(b)(6) does not require a plaintiff to plead evidence." Plaintiff's performance and availability likewise support feasibility. FAC ¶¶ 102–109, 130–142, 344–347. *Raymond v. 1199SEIU Nat'l Benefit Fund*, 184 F.4th 42, 55–56 (2d Cir. 2026), vacated summary judgment because removing four distant stops did not establish an effective accommodation where remaining assignments arguably exceeded medical limits; LAS's later proposals likewise do not show that it addressed the exposure earlier. FAC ¶¶ 216–226. *Matter of Smelyansky v. N.Y.S. Office of Gen. Servs.*, 250 A.D.3d 1286, 1291–93 (3d Dep't 2026), reversed NYSHRL summary judgment where generalized assertions about in-person collaboration established neither essential functions nor undue hardship after three years' remote work, noting the absence of basic discovery such as depositions. LAS's essential-function assertion requires the same scrutiny of actual coverage practices; Plaintiff seeks no exemption from any essential duty. FAC ¶¶ 258–264; First LAS Requests Nos. 8–14, 16–18. *See also Henriquez v. City of New York*, 247 A.D.3d 535 (1st Dep't 2026) (five years' accommodated work supported ability to perform); *Tudor v. Whitehall Cent. Sch. Dist.*, 132 F.4th 242, 246–47 (2d Cir. 2025) (performing despite harm does not defeat claim).

*McMillan v. City of New York*, 711 F.3d 120, 126–29 (2d Cir. 2013), rejected a categorical approach to attendance requirements; *Tafolla v. Heilig*, 80 F.4th 111, 119–23 (2d Cir. 2023), vacated summary judgment where actual task allocation undermined the asserted essential function. *Jacobsen v. N.Y.C. Health & Hosps. Corp.*, 22 N.Y.3d 824, 839–44 (2014), found triable issues where a dust mask did not establish an effective alternative and later total disability did not resolve earlier capacity to work with accommodation. Good-faith discussion and nominal approval do not substitute for implementation. *Serdans v. N.Y. & Presbyterian Hosp.*, 112 A.D.3d 449, 450–51 (1st Dep't 2013); *Serdans v. N.Y. & Presbyterian Hosp.*, 138 A.D.3d 524, 524–25 (1st Dep't 2016) (upholding liability verdict). And the NYCHRL allocates the burdens differently: the employer must prove undue hardship, and inability to satisfy essential requisites with accommodation is an affirmative defense. *Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y.3d 881, 885 (2013). LAS cannot carry either by restating the disputed requirement, and a federal pleading objection is no substitute for that analysis.

**D. LAS's express refusals and unjustified delay independently support liability**

LAS argues that because it kept communicating and ultimately proposed a "substantially similar" arrangement, Plaintiff's allegations are "fatal" to her accommodation claim and "Count I fails as a matter of law." ECF 60 at 14–15, 19. That position would let an employer refuse repeatedly, leave the employee exposed for months, and then invoke a belated proposal.

First, LAS refused outright three times. Pl. 56.1 ¶¶ 98, 117, 129; Kubicki Decl. ¶¶ 14–15, 23, 27–29 & Exs. K, M. Those refusals support liability independently of delay. ECF 72 at 14; *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 218–19 (2d Cir. 2001) (outright refusal); *Perkins v. City of New York*, No. 22-196-cv, 2023 WL 370906, at *3 & n.3 (2d Cir. Jan. 24, 2023) (summary order). Nor does LAS's asserted discriminatory-intent requirement for delay claims,

ECF 60 at 17–19, make dismissal clear: the Second Circuit has "never endorsed" it, *Tillman v. N.Y.C. Dep't of Hum. Res. Admin.*, No. 22-872-cv, 2023 WL 2770218, at *1 n.2 (2d Cir. Apr. 4, 2023) (summary order); *Owens v. Delta Airlines, Inc.*, No. 23-CV-2114 (FB) (PK), 2025 WL 278024, at *6 (E.D.N.Y. Jan. 23, 2025), rejected it; and the NYCHRL has no such element. N.Y.C. Admin. Code § 8-107(15)(a); ECF 72 at 15.

Second, delay in authorizing an arrangement requiring only permission to use an existing office supports a substantive claim; calling it "processing delay" does not defeat constructive refusal. *Austin v. Town of Farmington*, 826 F.3d 622, 629 (2d Cir. 2016) (FHA); *McCray v. Wilkie*, 966 F.3d 616, 621–22 (7th Cir. 2020) (no duration categorically reasonable; eventual accommodation no bar). The EEOC treats two months of inaction on an accessible-parking request as a denial that "violates the ADA"; its contrasting example involved unavoidable equipment delivery. EEOC, *Enforcement Guidance on Reasonable Accommodation and Undue Hardship Under the ADA*, No. 915.002, Question 10, Examples A–B & n.38 (Oct. 17, 2002). Here the arrangement required only authorization, and the delay ran three and a half months. FAC ¶¶ 134–137, 344–346; Kubicki Decl. ¶¶ 3–6, 11, 14–15; Pl. 56.1 ¶¶ 81–85; ECF 72 at 1–4, 7–8, 21.

Courts and the EEOC have found constructive denials on delays of three and a half months or less, even where accommodation eventually followed. *Perkins*, 2023 WL 370906, at *1, *3–4 (two to three and a half months); *Hill v. Clayton Cnty. Sch. Dist.*, 619 F. App'x 916, 921–22 (11th Cir. 2015) (two months, accommodation later offered); *Picinich v. United Parcel Serv.*, 321 F. Supp. 2d 485, 514 (N.D.N.Y. 2004) (three months); *Monroe v. Jewel Food Stores, Inc.*, No. 18-CV-1499, 2023 WL 2018907, at *9–10 (N.D. Ill. Feb. 15, 2023) (two months, despite eventual accommodation); *Mendez v. John Jay Coll. of Crim. Just.*, No. 23-CV-8816 (LGS), ECF 171 at 11–13 (S.D.N.Y. Sept. 18, 2026) (two months); *Schmidt v. Solis*, 891 F. Supp. 2d 72, 90–91

(D.D.C. 2012) (two months); *Ria T. v. U.S. Postal Serv.*, EEOC Appeal No. 0120182257, at 4–5 (Jan. 14, 2020) (two months); *Denese G. v. Dep't of the Treasury*, EEOC Appeal No. 0120141118 (Dec. 29, 2016) (seven weeks); *Retha W. v. Dep't of Agric.*, EEOC Appeal No. 0120161254 (June 21, 2018) (84 days; exposure aggravated conditions); *Callbeck v. Fallon Cmty. Health Plan, Inc.*, 480 F. Supp. 3d 308, 314 (D. Mass. 2020) (seven weeks); *Jochelman v. N.Y. State Banking Dep't*, 2010 N.Y. Slip Op. 32750(U), at *9–12 (Sup. Ct. N.Y. Cnty. Sept. 30, 2010), *aff'd*, 83 A.D.3d 540 (1st Dep't 2011) (three months); *Marjorie F. v. Dep't of Veterans Affs.*, EEOC Appeal No. 2022001439, at 3–7 (June 14, 2023) (three months); *Hyacinthe v. City of New York*, 2021 N.Y. Slip Op. 30443(U), at *2, *10–13 (Sup. Ct. N.Y. Cnty. Feb. 17, 2021) (one month); *Coronado v. Weill Cornell Med. Coll.*, 66 Misc. 3d 404, 405–06, 411–12 (Sup. Ct. N.Y. Cnty. 2019) (seventeen days); *Tate v. Bisignano*, No. 23-CV-16421, 2026 WL 84472, at *10–12 (N.D. Ill. Jan. 12, 2026) (three months); *Strife v. Aldine Indep. Sch. Dist.*, No. 24-20269, slip op. at 8–11 (5th Cir. May 16, 2025) (existing service dog required no procurement).

Nor did LAS's later proposal discharge its duty. An ineffective alternative does not satisfy the obligation, ECF 72 at 16; *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 94–95 (2d Cir. 2015); *Raymond*, 184 F.4th at 55–56; continued dialogue does not substitute for implementation, *Serdans*, 112 A.D.3d at 451; 138 A.D.3d at 524–25; *Russo v. Nat'l Grid, U.S.A.*, No. 23-CV-3954 (NCM) (TAM), 2024 WL 5186728, at *8 (E.D.N.Y. Dec. 20, 2024) (continued communications alone insufficient); and the NYCHRL provides that cooperative-dialogue compliance "is not a defense to a claim of not providing a reasonable accommodation." N.Y.C. Admin. Code § 8-107(28)(f).

**E. The FAC gives fair notice; its length does not justify a stay**

Defendants emphasize the FAC's length, repetition, and nonparty examples. ECF 77 at 7–8, 11; ECF 60 at 8–9, 16–17. Length does not make a claim unintelligible or meritless, *Wynder v.*

*McMahon*, 360 F.3d 73, 79–80 (2d Cir. 2004); redundant matter may be stricken, and dismissal is reserved for confusion that obscures a pleading's substance. *Harnage v. Lightner*, 916 F.3d 138, 141–42 (2d Cir. 2019). The FAC identifies Plaintiff's disability and limitations, the requested accommodation, preserved duties, responsible actors, and the dates and substance of each challenged decision, FAC ¶¶ 126–142, 181–203, 215–236, and Defendants show they understand it by separately addressing each actor's role. ECF 65 at 9–14; *Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir. 1995). Plaintiff pleads prior successful performance, existing tools, continued attendance for actual needs, and why PPE and breaks did not address courthouse exposure, FAC ¶¶ 102–109, 134–138, the explanation missing in *Stanley v. Phelon*, No. 23-731-cv, 2024 WL 1453872, at *5 (2d Cir. Apr. 4, 2024) (summary order), which suffices without pleading evidence. *Cangro*, 183 F.4th at 160–61. The class allegations define the classes and identify the practices and records that will test them. FAC ¶¶ 300–303. Striking them before discovery is disfavored, *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 447 (E.D.N.Y. 2015), and the Court retains discretion to limit discovery. *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006). The chronology is material because the NYCHRL makes failure to engage in timely, good-faith dialogue independently unlawful. N.Y.C. Admin. Code § 8-107(15), (28); *Hosking v. Mem'l Sloan-Kettering Cancer Ctr.*, 186 A.D.3d 58, 63–65 (1st Dep't 2020); FAC ¶¶ 181–203, 215–236, 414; Kubicki Decl. ¶¶ 21–34; ECF 70 ("Wirt Decl.") ¶¶ 14–30. Defendants demand more factual support while attacking the chronology as excessive, the "whipsaw" criticized in *Brown v. Meisner*, 81 F.4th 706, 709 n.1 (7th Cir. 2023), as inviting a "sterile task of fine-tuning pleadings."

**F. LAS's reserved Rule 23 objections supply no independent ground**

Defendants predict that dismissal of "some or all class allegations" would curtail workforce-wide discovery. ECF 77 at 8. But LAS's class argument is one footnote asserting that

failure "to plead a viable individual claim also forecloses the putative class claims," plus a reservation of Rule 23 objections. ECF 60 at 25 n.5. It develops no certification defect; its separate Rule 8 attack concerns presentation. *Id.* at 8–9. Reserving future phasing, ECF 77 at 16 n.2, is not good cause. Courts order class-related discovery notwithstanding predicted certification failure. *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016) (no refusal of certification discovery "on that basis" alone); *Hegazy v. Halal Guys, Inc.*, No. 22-CV-1880 (JHR), 2023 WL 4405804, at *4 (S.D.N.Y. July 7, 2023); *Duke v. Am. Express Co.*, No. 23-CV-125, 2025 WL 1918643, at *4 (D. Ariz. July 11, 2025) (no litigating certification "by way of a discovery motion"); *Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *7 (N.D. Ill. Sept. 24, 2013); *Lewis v. Register.com, Inc.*, No. 1:25-CV-275 (JPH) (MJD), 2025 WL 2662338, at *2–3 (S.D. Ind. Sept. 16, 2025) (pending dismissal and strike motions); *In re Google Generative AI Copyright Litig.*, No. 23-CV-3440 (EKL), 2025 WL 1159998, at *4 (N.D. Cal. Apr. 21, 2025) (predicted certification failure no basis to "preemptively limit discovery"); *cf. Maes v. JP Morgan Chase*, No. 12-CV-782 (JAH) (MDD), ECF 73 at 2 (S.D. Cal. Jan. 10, 2014) (PAGA representative discovery). Plaintiff claims no waiver of certification objections; sequencing remains discretionary absent a class-specific motion, *Cunningham v. Big Think Capital Inc.*, No. 21-CV-2162, 2021 WL 4407749, at *3 (E.D.N.Y. Sept. 27, 2021), and demonstrated concerns belong under Rule 26 limits.

## II. THE REQUESTED DISCOVERY IS PROPORTIONATE, AND DEFENDANTS HAVE NOT SHOWN UNDUE BURDEN

### A. Defendants offer labels, not facts

A party seeking protection from relevant discovery must establish the claimed burden with facts. *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *Nielsen*, 2023 WL 4363005, at *2; *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025) (request counts and

review-time estimates without specific facts insufficient). Defendants supply none. Their only sworn support is one attorney-declaration paragraph listing categories of personnel and review and concluding that the time and expense "would be substantial," ECF 78 ¶ 8, with no record count, hours, dollar figure, system, or vendor, and no declarant who maintains the systems. Dugger Stay Decl. ¶¶ 27, 53–57. Defendants had thirty-seven days from the first requests, and Data Instruction 5's express invitation, to propose a standard report, test query, or technical conference, and did nothing. *Id.* ¶¶ 16, 58, 66. Even sworn hour estimates from database custodians were "rather conclusory" and "overblown" in *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 303–04, 306–07 (S.D.N.Y. 2012), absent sampling or a pilot search; Defendants offer less. They also fold retrieval, extraction, review, technical explanation, and historical reconstruction into one undifferentiated burden, ECF 77 at 12–16, although the requests call first for ordinary-course reports or standard exports, permit keyed tables, require no new cross-system join or reconstructed histories, let one Defendant adopt another's production, and permit any materially equivalent collection and review method. Data Requests, Instructions 2–5; Individual Requests, Instructions 8, 12–15 & nn.4–5; Dugger Stay Decl. ¶¶ 6–14, 24–26, 31.

### B. The record identifies practical, low-cost means of collection and production

The requests identify methods Defendants acknowledge, ECF 77 at 14: Google Takeout and Outlook .pst exports at no software charge; Hearsay phone collection at $100 per device, less a 30 percent nonprofit discount; GoldFynch hosting from $27 per month for 3 GB to $342 for 50 GB, with free processing and productions; managed first-pass review at a published $25 per hour; and iMazing exports of responsive iPhone communications. Dugger Stay Decl. ¶¶ 25–26, 67–70 & Exs. V–X; Individual Requests, Instructions 9–13. Personal-account communications remain

relevant, and the requests provide for coordinated searches, deduplication, and privacy screening. Dugger Stay Decl. ¶¶ 4, 24–26.

Defendants have substantial internal resources: Microsoft's E3 subscriptions include eDiscovery search and export; LAS's Digital Forensics Unit preserves evidence from "mobile devices, cloud storage, and social media accounts"; and LAS has advertised an HRIS position that writes HR reports. *Id.* ¶¶ 64, 71–72 & Exs. T, Y–AA. Matrix generated Plaintiff's leave letters from a case-numbered system with an employer portal and advertises standard and custom reports, dashboards, data extraction and exchange with employer systems, filtering of absence, disability, and ADA data by location and period, and resident HCM consultants. *Id.* ¶¶ 17–23, 34, 63 & Exs. D, F–H, R–S. It reports analyzing more than 28,600 accommodation requests across 833,000 employees in 2022, and a vendor case study reports that it consolidated 200 client reports into about twenty self-service reports, cutting turnaround from days to minutes. *Id.* ¶ 35 & Exs. I, EE. Those examples rebut any assumption of manual reconstruction, and the requests invite a conference about available reports and exports. *Id.* ¶¶ 16, 65.

Defense counsel's own infrastructure further undermines the claim. Dorsey's in-house LegalMine facility advertises technology that "reduces review time drastically, thereby cutting legal costs," so that "[b]oth time and cost can be accurately estimated before the review process begins"; it charges a fixed per-item price, and its first-pass service covers responsiveness, privilege, confidentiality, and redaction. Dugger Stay Decl. ¶¶ 37, 59–62 & Exs. K, P–Q. Dorsey also uses Nuix AI enrichment and continuous active learning to reduce review and screen productions for protected information. *Id.* ¶ 38 & Ex. L. Counsel itemizes discovery expense when it chooses: in *In re Water Gremlin Co.*, Dorsey invoiced Nuix Discover hosting at $6 per gigabyte and a specialist's hours and rate. No. 23-11775 (LSS), ECF 596-4 at 17 (Bankr. D. Del. Nov. 19,

2024); ECF 608-1 at 2 (Nov. 21, 2024); Dugger Stay Decl. ¶ 61 & Ex. GG. Electronic evidence is "frequently cheaper and easier to produce than paper evidence," *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003); *see* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

Defendants do not say whether their asserted burden assumes manual review or counsel's automation, do not separate collection and extraction from processing, review, and production, and identify no review population, hours, or projected charge, though they could have sampled records or tested an export. ECF 78 ¶ 8; Dugger Stay Decl. ¶¶ 53–57. Counsel who advertise predictable review budgets supplied none. *Id.* ¶¶ 42, 55, 76. *Nielsen* rejected a similarly unsupported showing lacking expected duration, costs, or other concrete indicators. 2023 WL 4363005, at *2 (ECF 126 at 6).

Nor do Defendants distinguish preservation work already required, and potentially completed, from the additional work production requires. Plaintiff's February 3, 2026 preservation letter identified custodians, personal and business accounts, Microsoft 365 platforms, and Matrix records; requested platform-level holds and notice to Matrix; addressed native-format preservation, metadata, and forensic copying of key custodians' devices; and named each Individual Defendant. Dugger Stay Decl. ¶ 77 & Ex. HH at 5–6, 20–24. A stay cannot avoid costs already incurred; if information remains preserved in place, Defendants must identify and price the remaining work. Any failure to preserve raises a separate compliance question, not good cause; the duty arises when litigation is reasonably anticipated and continues during any stay. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003); Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

Defendants' fallback, that collection, review, staff time, and preparation are costs they cannot recover if dismissal follows, ECF 77 at 20–21, describes every case. "[S]ome burden exists in all discovery," *Dobbs v. Bank of N.Y. Mellon*, No. 25-CV-2114 (JAV), 2025 WL 2382318, at *2 (S.D.N.Y. July 21, 2025) (quoting *Brawer*, 348 F.R.D. at 186), and "[n]ormal discovery in a limited matter does not alone rise to the level of good cause." *Giuffre*, 2016 WL 254932, at *2. *Agerbrink v. Model Service LLC*, No. 14-CV-7841, 2017 WL 933095, at *4 (S.D.N.Y. Mar. 8, 2017), ordered production that would divert a small employer's chief operating officer because the information was central to the claims and class certification. Staff time and disruption do not alone establish undue burden, least of all for an institution of 2,621 employees and $439 million in annual revenue, Dugger Decl. ¶¶ 4–5; Pl. 56.1 ¶ 1, whose counsel and vendor sell the services the work requires. Plaintiff has supplied the pricing Defendants omitted: at published prices, collecting, hosting, and producing comparable material from the Individual Defendants' devices and accounts and LAS's mailboxes costs about $1,400 for the first month, and Plaintiff's counsel collected her own email and texts for $50, hosts them for about $250 a month, and used AI tools for first-pass identification at no added cost. Dugger Stay Decl. ¶¶ 73–76 & Exs. V–X. That is an expense "modest relative to the scale of the litigation," *Chen-Oster*, 285 F.R.D. at 306 n.6, that properly "lies heavier on the party who has more information." *Agerbrink*, 2017 WL 933095, at *4. Defendants offer no competing calculation, and their own September 9 offer to produce Plaintiff's accommodation and coverage records within forty days supports proceeding. ECF 78-3 at 3–4; Dugger Stay Decl. ¶ 28.

**C. A dismissal ruling would not eliminate the common record**

A stay would not avoid the work. Validation means the reasonable sampling checks *Chen-Oster* adopted, not a certification, 285 F.R.D. at 306–07; Data Requests, Instruction 3, and query

development "would be largely necessary regardless of the size of the population," while a party proposing limits must show "that the limitations it proposes would reduce its burden." 285 F.R.D. at 304, 307. A claim that a source is not reasonably accessible requires a source-specific showing under Rule 26(b)(2)(B); *Chen-Oster* distinguished volume from technological impediment, found databases accessible despite new queries, vendor programming, and linked identifiers, and required intermediate recommendations because final outcomes obscure decisionmaking. 285 F.R.D. at 301–03, 307; *see* Fed. R. Civ. P. 34(b)(2)(D) (objection must state alternative form). Twenty-six of the thirty First LAS Requests address subjects independently relevant to the individual accommodation claims: Nos. 2–7 (decision files, medical clarification, and denials); Nos. 1, 8–16, and 24–25 (duties, coverage, performance, and feasibility); Nos. 17 and 26 (asserted hardship); and Nos. 18–22 and 29 (alternatives, communications, decisionmakers, and protocol development). Dugger Stay Decl. ¶¶ 31, 56, 78–80. The same records bear on the dialogue, medical-inquiry, interference, discrimination, and retaliation theories. FAC ¶¶ 362, 366–367, 390–400, 405–409, 419–421; Dugger Stay Decl. ¶¶ 79–80; *Jacobsen*, 22 N.Y.3d at 835–38. LAS must identify collection or review attributable exclusively to potentially eliminated theories. ECF 77 at 8.

*Bennett* found similar discovery would remain if retaliation were dismissed because the claims shared core facts, 2023 WL 2021560, at *4; *Khan v. City of New York*, 757 F. Supp. 3d 327, 334–35 (E.D.N.Y. 2024), denied a blanket stay because the underlying events still required discovery; and *DK Gentile & Co. v. Global Indus. Distrib. Inc.*, No. 25-CV-6810 (NJC) (JMW), 2026 WL 1948966, at *3, *5–7 (E.D.N.Y. July 6, 2026), permitted overlapping document and fact discovery despite challenges to all six causes of action, staying only expert and claim-unique discovery. Accommodation liability alone requires examining actual duties, coverage practices,

court needs, response times, and other PRDU social workers' practices. FAC ¶¶ 345–348, 381–382; First LAS Requests Nos. 8–15, 24–25; *McMillan*, 711 F.3d at 126–27. The decision file still bears on what LAS knew, what alternatives it considered, and why it withheld interim protection, and the January 20 denial and later proposals require examining decisionmakers and changed circumstances. FAC ¶¶ 193–197, 347–348, 382–384; First LAS Requests Nos. 2–7, 18–22, 29.

Dismissed defendants would remain necessary witnesses given their alleged roles in the challenged decisions. FAC ¶¶ 383–384, 428–434; *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) (dismissed defendants remained important witnesses); *Fractional Ownership Holdings, LLC v. Gangl*, No. 24-CV-9036 (RA), 2026 WL 1866599, at *1 (S.D.N.Y. June 29, 2026) (discovery would continue as nonparty discovery). Even a demonstrated burden calls for management, not cessation. *Ghost in the Machine, Inc. v. Planned Parenthood Fed'n of Am., Inc.*, No. 22-CV-9270 (VSB), ECF 35 at 2 (S.D.N.Y. Oct. 4, 2023) (stay denied despite significant burden; meet-and-confer over scope); *Police Benevolent Ass'n of City of N.Y., Inc. v. City of New York*, No. 26-CV-3243 (VSB) (KHP), 2026 WL 2766997, at *4 (S.D.N.Y. Sept. 17, 2026) (generalized time-and-money assertions rejected).

## III. A STAY WOULD UNFAIRLY PREJUDICE PLAINTIFF

### A. Forced leave is an injury requiring discovery

Defendants invoke Plaintiff's leave, the later proposal, and her return date. ECF 77 at 16–18. Leave is itself an alleged injury: withheld safe working conditions allegedly caused medical leave, reduced compensation, depleted paid leave, and lost benefits, none of which the later proposal restored. FAC ¶¶ 221, 287–289. Later incapacity does not extinguish liability for an earlier accommodation failure. *Jacobsen*, 22 N.Y.3d at 843–44. *Tate v. Bisignano*, No. 23-CV-16421, 2026 WL 84472, at *10–12 (N.D. Ill. Jan. 12, 2026), preserved leave-related remedies despite later telework because the earlier failure could have aggravated the condition and

prolonged leave. Defendants cannot invoke an absence they allegedly caused to withhold evidence of its causes and consequences.

### B. Delay would prolong present financial hardship

Plaintiff remains on medical leave with reduced compensation, depleted paid leave, lost wages and benefits including health insurance, and medical and care expenses. FAC ¶¶ 280, 286–289. A stay would suspend discovery into the decision and leave files, First LAS Requests Nos. 2–3, 30, and postpone adjudication and recovery. *Allegiant Travel Co. v. R2 Sols. LLC*, No. 22-CV-828, 2022 WL 7686760, at *3 (D. Nev. Oct. 13, 2022) (claimant's "ability to wait for a judgment" relevant); *McKellips v. Franciscan Health Sys.*, No. C13-5096 (MJP), 2013 WL 1991103, at *2–3 (W.D. Wash. May 13, 2013) (financial strain of delayed compensation); *Medien Patent Verwaltung AG v. Warner Bros. Ent. Inc.*, No. 10-CV-4119, 2014 WL 1169575, at *2 (S.D.N.Y. Mar. 21, 2014) (delay would aggravate demonstrated hardship); *cf. Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234–35 (S.D.N.Y. 2016) (factor neutral absent demonstrated hardship). LAS's $440 million in annual support and revenue, Dugger Decl. ¶ 4 & Ex. B at 6; Pl. 56.1 ¶ 1, bears on proportionality, Fed. R. Civ. P. 26(b)(1); *Chen-Oster*, 285 F.R.D. at 305–07; and LAS's public-service mission does not diminish Plaintiff's prejudice. The Court should not let financial exhaustion decide the merits.

### C. Delay risks impairing prospective relief

The *Borjas* stay lasted 127 days, from November 19 to March 26. *Borjas v. N.Y.C. Dep't of Educ.*, No. 23-CV-10829 (OTW), 2025 WL 3227476, at *2 (S.D.N.Y. Nov. 19, 2025); 2026 WL 849577, at *8 (S.D.N.Y. Mar. 26, 2026). Plaintiff's previously anticipated December 17, 2026 has been subject to medical reassessment, and she has now requested a leave extension through April 2027 as an accommodation, so the challenged process is operating on her again. FAC ¶¶

295–298; Dugger Stay Decl. ¶ 52. Discovery into interim protection, approval duration, and return conditions informs relief before that process recurs. *Thorpe v. District of Columbia*, 306 F.R.D. 6, 11 (D.D.C. 2014) (no stay where delay could deprive disability-rights class of prospective relief).

### D. Neither a favorable merits assessment nor absence of prejudice compels a stay

In *State of New York v. Administration for Children & Families*, No. 26-CV-172 (VSB) (RFT), 2026 WL 2283391, at *1–2 (S.D.N.Y. Aug. 7, 2026), Judge Tarnofsky found colorable grounds to dismiss all claims yet denied a stay because the discovery imposed no substantiated burden and delay threatened effective relief. Nor does absence of unfair prejudice independently justify a stay. *Bennett*, 2023 WL 2021560, at *5; *Giuffre*, 2016 WL 254932, at *2 ("Good cause not otherwise having been shown, lack of prejudice does not justify a stay."). *Gastineau v. ESPN Inc.*, No. 25-CV-2041 (PAE), 2025 WL 2733155 (S.D.N.Y. Sept. 24, 2025), and *Druckman v. Morgenstern*, No. 26-CV-993 (PAE), 2026 WL 791896 (S.D.N.Y. Mar. 20, 2026), do not shift the burden to Plaintiff. Even *Choudhury v. N.Y.C. Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *4–6 (S.D.N.Y. Oct. 22, 2025), which found no distinctive prejudice, allowed document production and stayed only depositions and expert discovery in a modest single-plaintiff case.

## IV. BORJAS DOES NOT SUPPORT A BLANKET STAY HERE

This Court stayed discovery in *Borjas* on substantial pleading and timeliness arguments, avoidable expense, and insufficient prejudice. *Borjas*, 2025 WL 3227476, at *1–2. The later decision dismissed the accommodation claims as untimely and the State and City discrimination claims under election of remedies. *Borjas*, 2026 WL 849577, at *3. Neither threshold bar exists here, and neither ruling addressed whether continued discussion defeats an actionable refusal. Plaintiff alleges successful performance under a feasible modification within her existing position,

an express refusal, and next-morning enforcement, FAC ¶¶ 258–264, 344–348; *Borjas* left qualification challenges for summary judgment, 2026 WL 849577, at *4 n.8, and LAS cannot establish weakness by treating continuous courthouse presence as an undisputed essential function. FAC ¶¶ 344–346. *Borjas* also found a plausible causal inference from four days between a protected complaint and termination, 2026 WL 849577, at *8; Plaintiff alleges expanded file-access demands *four* and *seven* days after her December 19 grievance, departures from favorable evaluations, and escalating scrutiny. FAC ¶ 356. That sequence warrants examining decisionmakers' knowledge and reasons; given the overlap shown in Point II.C and the need for prospective protection, potential narrowing alone is not good cause.

## V. JUDICIAL ECONOMY FAVORS DEVELOPING THE COMMON RECORD

Plaintiff's partial-summary-judgment motion can narrow the case while discovery proceeds; readiness on one issue does not make delay harmless. ECF 77 at 18–19; *Cerco*, ECF 44 at 1–4; *Agerbrink*, 2017 WL 933095, at *1, *4 (discovery after partial summary judgment). Defendants' predicted disputes over custodians, format, privacy, scope, phasing, and vendors, ECF 77 at 21–22, are ordinary discovery questions. *Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18-CV-4476, 2020 WL 1166047, at *4, *6–7 (S.D.N.Y. Mar. 11, 2020) (requiring volume, location, and form details; merits discovery regardless of certification); *Fischer v. Forrest*, No. 14-CV-1304 (PAE) (AJP), 2017 WL 773694, at *2–3 (S.D.N.Y. Feb. 28, 2017) (rejecting boilerplate burdensomeness objections).

## CONCLUSION

The Court should deny Defendants' motion to stay discovery.

Dated: October 28, 2026
Long Island City, New York

Respectfully submitted,

/s/ Cyrus E. Dugger

Cyrus E. Dugger
THE DUGGER LAW FIRM, PLLC
Gotham Center
28-07 Jackson Avenue, 5th Floor
Long Island City, New York 11101
Telephone: (646) 560-3208
Facsimile: (646) 390-4524
cd@theduggerlawfirm.com

*Attorneys for Plaintiff Marissa Kubicki and the Putative Classes*

**WORD COUNT CERTIFICATION**

I certify that this memorandum contains 6,468 words, including footnotes and excluding the caption, tables, signature block, and required certifications, as calculated by Microsoft Word, and complies with Local Civil Rule 7.1(c) and Section V(d) of the Individual Practices in Civil Cases of Magistrate Judge Ona T. Wang. The memorandum uses 12-point Times New Roman type, double-spaced text, and one-inch margins, consistent with Local Civil Rule 7.1(b).

Signature: ___/s/ Cyrus E. Dugger___

Cyrus E. Dugger
The Dugger Law Firm, PLLC
Counsel for Plaintiff
Date: October 28, 2026