DLF | THE DUGGER LAW FIRM PLLC

***Cyrus E. Dugger, Esq.***
***Gotham Center, 28-07 Jackson Ave., 5th Fl.***
***Long Island City, NY 11101***
***Tel: (646) 560-3208***
***www.theduggerlawfirm.com***

November 4, 2026

**Via ECF**

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 11/6/2026

The Honorable Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

***Re:*** ***Kubicki v. The Legal Aid Society et al.*****, No. 1:26-cv-03882-VSB-OTW**

Dear Judge Broderick:

We represent Plaintiff Marissa Kubicki ("Plaintiff") and the putative classes of current Legal Aid Society employees in the above-referenced litigation against the Legal Aid Society ("LAS") and Matrix Absence Management, Inc. ("Matrix"), as well as individual Defendants Rebekah Almanzar, Connie Park, Laura Walsh, Jackie Quigley, and Yonzel Burt. We write to request leave to file a consolidated opposition brief to Defendant's motions to dismiss in response to the two briefs filed by Defendants' counsel Dorsey & Whitney LLP, who represent all Defendants in this matter.

On October 14, 2026, Defendants, all represented by Dorsey & Whitney LLP, filed two memoranda supporting their motions to dismiss, one on behalf of The Legal Aid Society ("LAS"), ECF No. 60, and the other on behalf of Matrix Absence Management, Inc. and each of the individual Defendants, ECF No. 65. Although the Court's scheduling order does not expressly address separate opening memoranda for these defendant groups, see ECF No. 58 ¶ 1, Plaintiff has no objection to Defendants' separate submissions. Plaintiff respectfully requests leave pursuant to the Court's Individual Rule 4(B) to file one consolidated opposition to both motions, not exceeding 17,500 words.

Good cause exists because the motions present overlapping factual and legal issues, and Matrix and the individual Defendants expressly join LAS's motion and incorporate its factual background. ECF No. 65 at 1, 3. A consolidated opposition would permit Plaintiff to address the common allegations, governing standards, and overlapping arguments once, while separately addressing the additional arguments concerning Matrix and the individual Defendants. This approach would avoid duplicative factual summaries and legal analysis, facilitate the Court's

review, and provide sufficient space to respond to Defendants' two memoranda, which together contain 17,489 words according to their certifications. ECF No. 60 at 32; ECF No. 65 at 33.

Courts have approved comparable arrangements. *See SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), ECF No. 156, at 1 (S.D.N.Y. May 4, 2021) (permitting a single 60-page opposition to two motions to dismiss notwithstanding the defendants' objection); *American Lecithin Co. v. Rebmann*, No. 12-cv-929 (VSB), ECF No. 193 (S.D.N.Y. Sept. 3, 2015), ECF No. 203 (S.D.N.Y. Oct. 2, 2015) (directing a combined opposition to separate dismissal motions and permitting a combined brief of up to 50 pages, equal to the pages submitted by the moving side).

Plaintiff requested Defendants' consent to this request and they do not consent to the proposed consolidation. Their response was that: "Given the differences between the two motions – parties, claims, issues, legal arguments – we think the Court will find separate briefing on the two motions easier to follow."

This is Plaintiff's first request to file a consolidated brief.

Respectfully submitted,

/s/ Cyrus E. Dugger