DORSEY
DORSEY + WHITNEY LLP

**BRIANA AL TAQATQA**
**(612) 492-6617**
**altaqatqa.briana@dorsey.com**

November 10, 2026

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Kubicki v. The Legal Aid Society, et al.*, Case No. 1:26-cv-03882-VSB-OTW
Request for Leave to File Motion for a Protective Order Regarding Plaintiff's October 20, 2026 Deposition Notices

Dear Magistrate Judge Wang:

Pursuant to Federal Rule of Civil Procedure 26(c), Local Civil Rule 37.2, and Section IV(b) of Your Honor's Individual Practices, Defendants The Legal Aid Society ("LAS"), Matrix Absence Management, Inc. ("Matrix"), Connie Park, Laura Walsh, Rebekah Almanzar, Jackie Quigley, and Yonzel Burt (collectively the "Defendants") respectfully request a conference with Your Honor and a protective order precluding Plaintiff Marissa Kubicki from proceeding with the amended noticed depositions of Defendants Jackie Quigley, Rebekah Almanzar, and Laura Walsh, and the newly noticed deposition of Defendant Connie Park, while Defendants' motions to dismiss Plaintiff's Amended Complaint (ECF Docs. 59 and 64) ("MTDs") and motion to stay discovery (ECF Doc. 76) ("MTS"), and Plaintiff's motion for partial summary judgment ("MPSJ") remain pending.

## I. Plaintiff's Amended Deposition Notices Do Not Resolve Defendants' October 15, 2026 Request for Relief.

On October 15, 2026, Defendants filed a letter motion requesting leave to move for a protective order concerning Plaintiff's previously noticed depositions of Ms. Quigley, Ms. Almanzar, and Ms. Walsh. *See* ECF Doc. 81 (the "Original Letter"). In the face of and notwithstanding this request, on October 20, 2026, Plaintiff amended the notices at issue in Defendants' Original Letter and rescheduled the depositions of Ms. Quigley, Ms. Almanzar, and Ms. Walsh for November 19, 20, and 23, respectively. *See* ECF Doc. 82.

Those amended dates do not resolve Defendants' objections. Defendants did not seek relief merely because the original dates conflicted with counsel's availability or fell during dispositive-motion briefing. Defendants seek to defer those depositions until the Court resolves the pending motions because the Court's rulings may eliminate parties, narrow the claims, and alter the permissible scope of discovery.

Indeed, Plaintiff's response confirms, rather than cures, the improper sequencing. Plaintiff expressly states that she seeks these depositions "to develop the merits record and further support her pending motion[] for partial summary judgment" and to examine Defendants' anticipated declarants concerning the evidence Defendants will submit in opposition. *See* ECF Doc. 82 at 2-3. Yet Plaintiff scheduled every deposition *after* Defendants' November 11 opposition is due but before Plaintiff's November 25 reply deadline. Plaintiff thus seeks to review Defendants' opposition, depose Defendants concerning that opposition, and then use the resulting testimony to bolster a summary judgment motion that she already filed.

This strategic gamesmanship by the Plaintiff is completely improper and should not be permitted. That sequence improperly turns Plaintiff's reply into an opportunity to supplement her opening evidentiary record after seeing Defendants' opposition. A summary judgment movant must establish entitlement to judgment through its opening papers; a movant may not save evidence necessary to its prima facie showing for reply, when the nonmovant lacks an opportunity to respond. *See e.g., Nick's Garage, Inc. v. Progressive Casualty Insurance Co.*, 875 F.3d 107, 115 (2d Cir. 2017) (providing the movant's burden on summary judgment); *see also*, *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) ("[w]here new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion[]"). Plaintiff cannot circumvent that basic limitation by deliberately scheduling depositions between Defendants' opposition and her reply to generate additional evidence for her pending motion. Moving the depositions to late November therefore compounds the prejudice and sequencing problem identified in Defendants' Original Letter; it does not cure it.

Accordingly, Defendants continue to seek the relief requested in their Original Letter as to Ms. Quigley, Ms. Almanzar, and Ms. Walsh.

**II. Plaintiff's New Deposition Notice Presents the Same Issues Raised in Defendants' October 15, 2026 Letter Motion.**

Also on October 20, 2026, Plaintiff served a notice scheduling Ms. Park's deposition for November 24, 2026.

Ms. Park's deposition presents the same sequencing, burden, and prejudice concerns that Defendants identified in their Original Letter. The pending MTDs may dismiss this action, eliminate parties, or materially narrow the claims and proper scope of discovery. The pending MTS squarely asks the Court to determine whether discovery should proceed before the Court resolves the MTDs. Requiring Ms. Park to prepare for and attend a deposition before the Court resolves those motions would impose an unnecessary and irreversible burden and could require the parties to conduct a deposition that the Court's rulings may eliminate or materially narrow.

Defendants therefore seek relief from this Court precluding Plaintiff from deposing Ms. Park until the Court resolves the MTDs, the MTS, and Plaintiff's MPSJ.

DORSEY
DORSEY + WHITNEY LLP



## III. Plaintiff's Unilateral Scheduling Undermines the Court-Directed Process.

Plaintiff's unilateral effort to force four depositions before the Court resolves the pending MTS does more than prejudice Defendants. It directly undermines the process the Court established to resolve the parties' dispute over the proper sequencing of discovery and dispositive-motion practice.

The parties placed that sequencing dispute before the Court months ago. LAS first sought a stay of discovery on August 4. *See* ECF Docs. 32 and 34. The parties later expressly disputed the proper "staging" of the MTDs and MTS, Plaintiff's contemplated MPSJ, and discovery. In their September 25 letter, Defendants asked the Court to resolve the threshold motions first, explaining that the MTDs could eliminate or narrow the need for discovery and summary judgment proceedings and that Plaintiff should not pursue premature summary judgment before Defendants could conduct discovery. *See* ECF Doc. 56. The Court expressly acknowledged that the parties "could not agree on briefing schedules or a proposed staging of the parties' motions" and therefore "impose[d]" its own schedule governing the MTDs, MTS, and MPSJ. *See* ECF Doc. 58.

Plaintiff now seeks to bypass that Court-directed process. Rather than await the Court's ruling on the pending MTS, Plaintiff unilaterally scheduled four depositions that would force discovery *now*. Worse, Plaintiff admittedly seeks that testimony to "develop the merits record and further support" her already-filed MPSJ. *See* ECF Doc. 82 at 2-3. Plaintiff therefore intends to review Defendants' November 11 opposition, depose Defendants' witnesses on November 19, 20, 23, and 24, and then use that newly developed testimony to bolster her MPSJ in her November 25 reply. The result would allow Plaintiff to alter the Court-imposed sequencing in practice through unilateral discovery, which the Court has not authorized.

Plaintiff cannot make the pending sequencing dispute a fait accompli while that very dispute awaits the Court's resolution. The Court established a process for resolving whether discovery should proceed while the MTDs remain pending. Plaintiff should not nullify that process by forcing the disputed discovery to occur before the Court can decide whether it should occur at all. Nor should Plaintiff use deposition notices to manufacture new evidence for a reply brief after reviewing Defendants' opposition. Permitting that approach would effectively allow Plaintiff, rather than the Court, to decide the sequencing question presented by the MTS. Defendants respectfully ask the Court to prevent that result.

Plaintiff's approach would invert the orderly process the Court established. If a party may force disputed discovery to occur while a motion asking the Court to determine whether that discovery should proceed remains pending, the MTS becomes meaningless. This is another form of strategic gamesmanship the Court should not permit. By the time the Court resolves the MTS, Plaintiff will already have obtained the discovery Defendants asked the Court to defer, rendering the MTS moot. No later ruling can undo the burdens or strategic prejudice those depositions impose. The Court should not permit Plaintiff to render its resolution of the MTS ineffectual through unilateral action.

DORSEY
DORSEY + WHITNEY LLP



**IV. The Parties Conferred But Could Not Resolve the Dispute.**

On October 26, 2026, counsel for the parties met and conferred regarding Plaintiff's deposition notices. Defendants explained that Plaintiff's amended notices for Ms. Quigley, Ms. Almanzar, and Ms. Walsh did not resolve Defendants' objections because Defendants seek to defer those depositions until the Court resolves the pending motions, not merely to reschedule them. Defendants likewise explained that Plaintiff's newly noticed deposition of Ms. Park raises the same sequencing, burden, and prejudice concerns addressed in Defendants' October 15 letter. Defendants therefore asked Plaintiff to withdraw the notices and defer all four depositions until the Court resolves the pending motions. Plaintiff declined to do so.

Accordingly, Defendants respectfully request (1) a conference with the Court to address Plaintiff's deposition notices, and (2) leave to move for a protective order precluding Plaintiff from deposing Ms. Quigley, Ms. Almanzar, Ms. Walsh, Ms. Park, or any witness or party until the Court resolves the MTDs, the MTS, and Plaintiff's MPSJ.

*****

Respectfully submitted,

Briana Al Taqatqa

cc: All counsel of record (via ECF)