DORSEY
DORSEY + WHITNEY LLP

**BRIANA AL TAQATQA**
**(612) 492-6617**
**altaqatqa.briana@dorsey.com**

November 16, 2026

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Kubicki v. The Legal Aid Society, et al.*, Case No. 1:26-cv-03882-VSB-OTW
Letter in Opposition to Plaintiff Marissa Kubicki's November 13, 2026 Letter Motion

Dear Magistrate Judge Wang:

Pursuant to Federal Rules of Civil Procedure 16(f), Local Civil Rule 37.2, Section IV(b) of Your Honor's Individual Practices, and the Court's inherent authority, Defendant The Legal Aid Society ("LAS") respectfully submits this letter in opposition to Plaintiff Marissa Kubicki's improper November 13, 2026, letter motion ("Plaintiff's Letter") requesting a court order compelling LAS to produce documents (*see* ECF Doc. 108). For the reasons detailed herein, the Court should deny Plaintiff's Letter and order her to comply with this Court's Orders and directives.

**I. Plaintiff's Letter Violates the Court's November 13 Order Directing the Parties to Meet and Confer.**

The Court should deny Plaintiff's Letter as premature and improper because Plaintiff filed it without complying with the Court's express directive that the parties first meet and confer concerning the very discovery addressed in her Letter.

On November 13, 2026, at approximately 11:44 a.m. ET, the Court entered its Order granting in part and denying in part Defendants' motion to stay discovery. ECF Doc. 107 (the "Order"). The Court stayed "[d]epositions and putative class discovery" pending resolution of Defendants' motions to dismiss but permitted "[d]ocument discovery pertaining to Plaintiff Kubicki's individual accommodation claims" to proceed. *Id.* Critically, the Court expressly directed the parties to "meet-and-confer to discuss staged and rolling discovery." *Id.*

Plaintiff did not follow that directive. Instead, approximately eight hours after the Court entered its Order, Plaintiff filed the present Letter seeking an order compelling LAS to produce categories of documents that Plaintiff contends relate to her individual accommodation claims. Plaintiff did so without first contacting LAS to meet and confer concerning what discovery would proceed, how that discovery would be staged, or the timing of any rolling production. The parties thus could not possibly have engaged in the meaningful meet-and-confer process contemplated, and expressly directed, by the Court before Plaintiff sought judicial intervention.

That omission is particularly significant because the Court did not order LAS to immediately produce every document Plaintiff now identifies. Rather, the Court permitted a defined category of document discovery to proceed and directed the parties to confer regarding how that discovery would be staged and produced on a rolling basis. *See* ECF Doc. 107. Plaintiff's Letter effectively skips that required process and asks the Court to resolve discovery disputes before the parties have had any opportunity to determine whether those disputes even exist.

Plaintiff cannot rely on discussions predating the November 13 Order to excuse her failure to comply. The Court's new Order materially defined the permissible scope of discovery while the motions to dismiss remain pending and specifically directed the parties to meet and confer regarding staged and rolling discovery under that framework. A prior discussion conducted before the Court established that framework is not a substitute for the meet-and-confer the Court expressly ordered on Friday.

Only after filing her Letter did Plaintiff's counsel seek to meet and confer pursuant to the November 13 Order. That sequence underscores the problem: Plaintiff sought judicial intervention first and attempted to comply with the Court's meet-and-confer directive second. The Court should not countenance that inversion of the process it expressly ordered.

## II. The Court Should Deny Plaintiff's Letter Motion as Improper and Premature.

LAS is not refusing to participate in the discovery process ordered by the Court. To the contrary, LAS intends to comply with the November 13 Order and to confer in good faith regarding appropriately staged and rolling document discovery concerning Plaintiff's individual accommodation claims. Plaintiff's resort to letter motion practice before allowing that process to occur was therefore unnecessary and premature.

After Plaintiff filed her Letter, LAS promptly asked Plaintiff on November 16, 2026, to withdraw it so that the parties could comply with the Court's November 13 Order and meet and confer regarding staged and rolling discovery. *See* **Exhibit A** (November 16, 2026, email correspondence between LAS's counsel and Mr. Dugger). Plaintiff's counsel refused. *Id.* Mr. Dugger maintained that the parties' discussions before the November 13 Order satisfied the meet-and-confer requirement. *Id.* But those prior discussions could not have addressed the staged and rolling discovery process the Court subsequently directed the parties to undertake under the framework established by its November 13 Order. Indeed, Plaintiff's own subsequent request to meet and confer pursuant to that Order confirms that the Court-ordered process had not occurred before Plaintiff filed her Letter.

The proper course is the one the Court already prescribed: the parties should meet and confer regarding the scope, staging, and timing of the document discovery permitted by the November 13 Order before burdening the Court with disputes that may be resolved or substantially narrowed through that process. *See* ECF Doc. 107. Accordingly, LAS respectfully requests that the Court deny Plaintiff's Letter and direct her to comply with the November 13 Order. If genuine disputes remain after that process, the parties can present those narrowed issues to the Court in accordance with Local Civil Rule 37.2 and Your Honor's Individual Practices.

DORSEY
DORSEY + WHITNEY LLP



**III. Plaintiff's Disregard of the Court's Express Directive Raises Serious Sanctions Concerns.**

Rule 16(f)(1)(C) authorizes sanctions when a party or its attorney "fails to obey a scheduling or other pretrial order," and the Court may impose such sanctions without a finding of bad faith. *See Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670 (VEC), 2019 WL 5067167, at *2 (S.D.N.Y. Oct. 9, 2019) (explaining that Rule 16(f) sanctions are appropriate when counsel "disregard[s] a clear and unambiguous scheduling or other pretrial order" and do not require a finding of bad faith). Courts likewise possess inherent authority to sanction violations of court orders that interfere with the Court's management of the litigation, without a separate bad-faith finding. *See Zhang v. Shun Lee Palace Restaurant, Inc.*, No. 17-CV-0840 (VSB), 2021 WL 2414872, at *2 (S.D.N.Y. June 11, 2021) (Broderick, J.) (recognizing the Court's inherent authority to sanction "violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom without a finding of bad faith" (quoting *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000))). Here, Plaintiff's Letter acknowledges the November 13 Order, yet Plaintiff nevertheless sought immediate judicial intervention without first complying with the very meet-and-confer process that Order–and the Rules–required. Further, Plaintiff refused to withdraw the Letter even after LAS identified the procedural defect and requested that the parties proceed as the Court ordered.

LAS does not raise the prospect of sanctions lightly, and LAS is not presently asking for the imposition of sanctions here. However, Plaintiff's counsel's decision to seek relief from the Court while disregarding an express procedural directive issued only hours earlier needlessly imposed on both LAS and the Court; deprived the parties of the opportunity to resolve or narrow the issues without motion practice; and generated unnecessary attorney's fees for LAS. Defendants advise the Court and Plaintiff's counsel that if Plaintiff's counsel again violates an express order of the Court, thereby generating unnecessary costs and attorneys' fees, Defendants will move for an order imposing sanctions. *See Zhang*, 2021 WL 2414872, at *1–5 (imposing sanctions where counsel persisted in pursuing filings despite the absence of a plausible legal basis and thereby multiplied the proceedings); *Polaris Images*, 2019 WL 5067167, at *1 (imposing sanctions for counsel's failure to comply with "explicit and simple directions" in a court order). At minimum, these circumstances strongly counsel against rewarding Plaintiff's premature filing by reaching the merits of discovery disputes the Court expressly directed the parties to address among themselves first.

For these reasons, LAS respectfully requests that the Court deny Plaintiff's November 13, 2026 Letter and direct her to comply with the Court's November 13 Order (ECF Doc. 107) by meeting and conferring with LAS regarding staged and rolling document discovery pertaining to Plaintiff's individual accommodation claims.

*****

Respectfully submitted,

Briana Al Taqatqa

DORSEY
DORSEY + WHITNEY LLP



cc: All counsel of record (via ECF)